## LEVI PRESLEY v. JANE ANN HOLMES.

1. It is well settled by adjudicated cases and by elementary authorities that one joint tenant or tenant in common can maintain trespass to try title, or ejectment, against a mere trespasser or wrongdoer.

2. Though an occupant of land may once have held possession under claim of title, yet if the title under which he claimed has been adjudicated to be invalid, his possession subsequent thereto is tortious as against the true owners, and any one of them may, without joining the others, maintain trespass to try title against him as a mere wrongdoer.

APPEAL from Shelby. Tried below before the Hon. J. B. Williamson.

This suit was an action of trespass to try title and for damages to a tract of land in Shelby county known as the Stephen Holmes survey. The petition was filed in December, 1862, by the appellee and one Caroline F. Edgeworth as co-plaintiffs.

Presley, the defendant, appeared and answered at the Fall term, 1863.

At the Spring term, 1869, the appellee amended and asked leave to prosecute the suit in her own name. To this amendment the defendant excepted, assigning as cause for exception that it did not set forth facts showing a right in the appellee to sue in her own name alone, nor to discontinue as to her co-plaintiff, and did not aver title in herself alone.

These exceptions were overruled by the court, and an order entered dismissing the cause for want of prosecution, so far as Caroline F. Edgeworth was concerned, and the cause went to trial as between Jane Ann Holmes and Presley.

The plaintiff claimed to be the daughter and heir of Stephen Holmes, deceased, whose headright certificate for one-third of a league, and a survey by virtue thereof, made in 1857, constituted the title asserted by the plaintiff. She introduced evidence tending to show her descent from Stephen Holmes, and his death.

The defendant introduced the record of a judgment rendered in 1839 by the district court of Shelby county in favor of M. K. Withers against Stephen Holmes, and of execution which issued therefrom, with indorsement thereon of a levy upon the headright certificate of Holmes, and a subsequent return of satisfaction; in connection with all which the defendant also introduced a certified copy of a deed from Bradley, as sheriff of Shelby county, to one Charles Bailey, conveying the said certificate and a survey made under it in 1838 on the land in controversy. And the defendant closed his case with quit claim conveyances to himself from Bailey, the purchaser at the sheriff's sale, made in 1860.

Plaintiff thereupon introduced the record of a judgment ren-

dered by the District Court of Shelby county against Charles Bailey and in favor of Thomas Davenport as administrator, and Jane Ann Holmes, as representative of Stephen Holmes. This judgment recited a verdict for plaintiff "for his field notes and a certificate, or fourteen hundred and seventy-six dollars and one hundred and fifty dollars damages," and the recovery purports to be of a similar alternative character.

The court below submitted the case to the jury upon special issues, and on the findings returned by the jury, rendered a general judgment for the appellee for the entire land in controversy. A new trial being refused, the defendant appealed.

*R. S. Walker*, and *Moore & Shelley*, for the appellant.

*Parsons & Jones*, for the appellee.

WALKER, J.—This is an action of trespass to try title, brought in the District Court of Shelby county by the appellee, together with Caroline F. Edgeworth. The latter abandoned the suit, and the action proceeded in the name of the appellee, and it is urged by the appellant that this was error for which we should reverse the judgment. The law is too well settled by the elementary authorities, as well as in the adjudicated cases, to require much comment here, that one joint tenant or tenant in common may maintain either trespass or ejectment, in his own name, against a mere trespasser or wrongdoer. (4 Kent's Com., 366 to 370; Croft v. Rains, 10 Texas, 523; Watrous v. McGrew, 16 Texas, 511; Grassmeyer v. Beeson, 18 Texas, 766 and 767.) Presley, if the facts as found by the jury be true, was only a wrongdoer. All the title he pretends to have is derived from Bailey, whose title was completely set aside by the district court in 1846, wherein the appellee in this action recovered from him her father's headright certificate and field notes, with damages; and also settled another fact pretty conclusively, which is again raised in

this case, to-wit, the identity of the appellee as the child of Stephen Holmes. But it is insisted that the evidence in this case does not establish that fact. It is true, the evidence of old Mrs. Applegate and of Truit is somewhat inconclusive, but it is circumstantial, and the jury were left to deduce the facts of identity and heirship, which they did, and we think very correctly.

We cannot see from the evidence that the title of Stephen Holmes ever passed out of him in his lifetime. Bailey's pretended sale has been successfully impeached and set aside by the district court, in a judgment not appealed, and rendered twenty-four years ago. Then it descended to his children, or child, if any he had living at the time of his death; and the appellee has satisfied the jury that she is the child of Stephen Holmes, and that he was married to her mother, and the same evidence which satisfied the jury satisfies us that such are the facts.

There is no error on the part of the court which tried the case, and we think none on the part of the jury. We therefore affirm the judgment of the District Court, with costs to the appellee.

Affirmed.