## E. P. PADGETT V. J. F. GUILMARTIN.

### No. 2330.  Decided January 27, 1915.

**Trespass to Try Title—Tenant in Common—Recovery Against Trespasser.**

Plaintiff in an action for recovery of land who showed title by conveyance from the owners of an undivided five-sevenths thereof could recover the entire tract from defendant in possession who, showing no title, appeared only as a trespasser.  (P. 553.)

Padgett sued Guilmartin for the recovery of land and had judgment therefor.  Defendant appealed.  The judgment was reversed and rendered in his favor for an undivided two-sevenths of the land sued for. Padgett thereupon obtained writ of error.

*E. P. Padgett,* plaintiff in error, *in pro. per.*

*Davis & Davis,* for defendant in error.—On parol sale with possession we cite:  Garner v. Stubblefield, 5 Texas, 552; Dugan v. Colville, 8 Texas, 128; Reynolds v. Johnson, 13 Texas, 216; Neatherly v. Ripley, 21 Texas, 436; Taylor v. Rowland, 26 Texas, 294; Robinson v. Devenport, 40 Texas, 341; Ann Berta Lodge v. Leverton, 42 Texas, 31; Baker's Exrs. v. De Freese, 2 Texas Civ. App., 524; Murphy v. Stell, 43 Texas, 135; Willis v. Matthews, 46 Texas, 482; Power v. McWharter, 50 Texas, 572; Montgomery v. Carleton, 56 Texas, 364; Wells v. Davis, 77 Texas 637; Harold v. Sumner, 78 Texas, 583; Shepard v. G., H. & H. Ry. Co., 2 Texas Civ. App., 535.  When debt is barred lien can not be enforced. Perkins v. Sterne, 23 Texas, 563; Ball v. Hill, 48 Texas, 641; Duty v. Graham, 12 Texas, 437; Ross v. Mitchell, 28 Texas, 154; Hale v. Baker, 60 Texas, 219.  Vendor's lien is in the nature of equitable mortgage. Hargroves v. Simpson, 25 Texas, 397; Peters v. Clements, 46 Texas, 114. When debt is barred vendor must sue for land.  Elmendorf v. Beirne, 23 S. W., 315; Jackson v. Palmer, 52 Texas, 434; Stephens v. Matthews, 69 Texas, 344.  On presumption of purchase money.  Weems v. Masterson, 15 S. W., 593; Walker v. Emmerson, 20 Texas, 711; Mills v. Alexander, 21 Texas, 164; Sypert v. McCown, 28 Texas, 636; 2 Whart. Ev., secs. 1360-1364; 1 Greenleaf Ev., sec. 39; Law, Presump. Ev., 327 et seq.  Stale demand may be proved under general issue.  Bullock v. Smith, 72 Texas, 549; Montgomery v. Noyes, 73 Texas, 203.  Legal or equitable defenses amounting to estoppel may be shown under general issue.  Johnson v. Byler, 38 Texas, 611; Wright v. Doherty, 50 Texas, 41; Scarbrough v. Alcorn, 74 Texas, 630; Guest v. Guest, 74 Texas, 666; Eddie v. Tinnin, 7 Texas Civ. App., 371.  On outstanding title.  Pool v. Foster, 49 S. W., 923; Kinney v. Vinson, 32 Texas, 127; Hooper v. Hall, 35 Texas, 88; Riddle v. Bickerstaff, 50 Texas, 158; Adams v. House, 61 Texas, 641; Kauffman v. Shellworth, 64 Texas, 180; Tobar v. Losano, 25 S. W., 973, 6 Texas Civ. App., 698; King v. Elson, 30 Texas, 252.  On presumption of deed.  Manchaca v. Field, 62 Texas, 140; Sypert v. McCown, 28 Texas, 636; 2 Whart. Ev., secs. 1360-1364; 1 Greenleaf Ev., sec. 39; Law Presumpt. Ev., 327 et seq.

In trespass to try title the burden is on plaintiff to establish a superior title and if he fails to do so he can not recover. Wells v. Burts, 22 S. W., 419, 3 Texas Civ. App., 430; Law Presumpt. Ev., 327 et seq.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement of facts upon which the court entered its final judgment:

"The evidence in the record justifies the following fact conclusions: The land in controversy is a part of a tract of land titled to Wm. Clark by the Mexican government in June, 1835. On October 12, 1838, Wm. Clark conveyed a part of his headright survey, which included the land in controversy, to his son, Elijah Clark. Appellee claims title through deeds executed to him by certain of the heirs of Elijah Clark. About the year 1853, Elijah Clark contracted to sell to his brother-in-law, Paschal Ashmore, 100 acres of land, being the land in controversy, the consideration being that Ashmore would pay $1 per acre for the land and move onto the tract and be a neighbor of Elijah Clark. Acting under this contract Ashmore built a small log house or hut on the land, cleared up a few acres, which he partially fenced, and with his wife moved on the land and lived there a little more than a year, when he and his wife separated and both moved off and abandoned the land. The contract between Ashmore and Elijah Clark was verbal and Clark never executed any deed or other conveyance of the land to Ashmore. Elijah Clark died soon after Ashmore left the place and his wife died in 1863. While the testimony is meager, we think it sufficient to support the court's conclusion that Ashmore never paid for the land. There was never any active assertion of title by any of the Clarks after Ashmore moved off the place until about the time plaintiff purchased the land, but the Clarks believed that the land had not been paid for by Ashmore, and some of them were openly claiming the land as far back as twenty-five or thirty years ago. They never paid taxes on it, however, after Ashmore went into possession. When Ashmore moved off the land he sold his improvements thereon to Colon McRae, but made him no deed to the improvements or to the land. On October 10, 1869, H. C. Hicks sold the land in controversy to J. M. Burroughs, reciting in the deed that it was the same land that J. H. McRae had previously sold to Hicks. There was no proof offered to show that the title was ever in J. H. McRae, and none to show a conveyance by McRae to Hicks except the recital in the deed above mentioned. Burroughs died leaving a will which was duly probated and defendant Guilmartin claims the land by mesne conveyances from the executors of Burroughs' estate. The land was rendered for taxes in 1861 by J. H. McRae, and in 1862 and 1868 by H. C. Hicks, from 1869 to 1891 by Burroughs, and from 1891 to 1908 by Burroughs or Guilmartin. No one has ever had actual possession of the land or any part of it from the time Ashmore moved off until after appellee Padgett bought it, when appellant enclosed it with a wire fence.

"We think these findings justify the court's conclusion of law that

'Elijah Clark died possessed of the land sued for and that it passed by inheritance to his children,' and we conclude also that appellee Padgett, by his deeds, acquired the title of such of the heirs of Elijah Clark as executed conveyance to him.

"What we have said in disposing of the twenty-third assignment applies also to the twenty-fourth, twenty-fifth, twenty-sixth and twenty-seventh assignments, which, with their several propositions, are overruled.

"The twenty-eighth and thirtieth assignments have been examined by us and we are of opinion that neither of them points out reversible error and they are overruled.

"By the twenty-ninth assignment appellant complains that the court erred in the twelfth paragraph of its findings of fact to the effect that the heirs of Elijah Clark had conveyed the land in controversy to the appellee Padgett. He contends that this finding is in direct conflict with the evidence offered on the trial by the plaintiff, which shows that plaintiff did not buy the interest of two of the seven heirs of Elijah Clark."

If we assume that the evidence shows Padgett to be the owner of only five-sevenths of the land in controversy and that title to two-sevenths remains in Clark's heirs, still Padgett was entitled to recover possession of all of the land for himself and the owners of the two-sevenths, his tenants in common, as against Guilmartin, who was a naked trespasser. Croft v. Rains, 10 Texas, 523; May v. Slade, 24 Texas, 205; Presley v. Holmes, 33 Texas, 476.

In the case last cited the court stated the rule distinctly thus:

"This is an action of trespass to try title, brought in the District Court of Shelby County by the appellee, together with Caroline F. Edgeworth. The latter abandoned the suit, and the action proceeded in the name of the appellee, and it is urged by the appellant that this was error for which we should reverse the judgment. The law is too well settled by the elementary authorities, as well as in the adjudicated cases, to require much comment here, that one joint tenant or tenant in common may maintain either trespass or ejectment, in his own name, against a mere trespasser or wrongdoer."

The Court of Civil Appeals erred in reversing the judgment of the District Court and rendering judgment for Guilmartin. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and set aside, and the judgment of the District Court be affirmed. It is further ordered that the plaintiff in error recover of the defendant in error all costs in all the courts.

*Reversed and judgment of District Court affirmed.*