## PHILLIPS v. TEXAS & P. RY. CO.
### (No. 3169.)

(Court of Civil Appeals of Texas. Texarkana. March 4, 1926.)

1. **Railroads** ⊜⇒348(4)—Evidence held to sustain jury's finding locomotive whistle was sounded closer than 80 rods from crossing (Vernon's Sayles' Ann. Civ. St. 1914, art. 6564).

Where jury found locomotive whistle was sounded 80 rods from crossing, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, and also that it should have been sounded at nearer point, evidence of engineer and fireman that former blew whistle about 300 yards from crossing *held* to sustain further finding that it was sounded at nearer point.

2. **New trial** ⊜⇒143(4)—Refusal to permit, on motion for new trial, showing by affidavits and testimony of jurors that they misapprehended case, held not error.

Refusal to permit, on motion for new trial, showing by affidavits and testimony of jurors that they misapprehended and misinterpreted case and failed to comprehend court's charge with reference to facts proven, *held* not error.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

Action by J. W. Phillips against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

At about 7:30 p. m. July 31, 1924, appellant was injured in his person, when an automobile, in which he was traveling north on a highway, was struck by one of appellee's freight trains moving west across said highway in Gladewater, a town of 500 or 600 inhabitants. Eight or ten feet south of appellee's "main line track," and running parallel with it where it crossed the highway, was a "passing track," and about the same distance south of the passing track was the "house track." A freight train moving east on the passing track had about cleared the crossing, and another freight train moving west on the main line track had about reached the crossing, when appellant v took to cross over the tracks. His au bile passed over the passing track a east-bound train cleared the crossing, ar front wheels of his automobile had c1 over the south rail of the main line ، when the automobile was struck by the w ' bound train. This suit by appellant against appellee for damages was commenced and prosecuted on the theory that the injury appellant suffered was due to negligence on the part of appellee, in that it failed to have a flagman at the crossing to warn appellant of the approach of the west-bound train, and negligence on the part of its employés in charge of the west-bound train, in that they did not keep a lookout for and discover appellant and warn him of danger from said west-bound train, in that they did not sound the whistle and ring the bell of the locomotive of said west-bound train as it approached the crossing, and in that they operated said west-bound train at a high and dangerous rate of speed over the crossing. In response to special issues submitted to them, the jury found that appellee and its employés were not guilty of actionable negligence in any of the respects charged against them. The court having rendered judgment accordingly, denying appellant a recovery of anything against appellee, and in favor of the latter for costs, the former prosecuted this appeal.

Lassetter & Simpson and Cone Johnson, all of Tyler, and W. C. Shoults, of Longview, for appellant.

Bibb & Caven, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that the findings of the jury, showing appellee and its employés not to have been guilty of negligence which was a proximate cause of the accident resulting in injury to him, were against the "overwhelming weight of the testimony." We have read and considered all the testimony in the statement of facts sent to this court, and do not agree with appellant in his view of it. It would serve no useful purpose to set out and discuss the testimony. Therefore we only say that, as we understand it, it furnished support for each of the findings attacked.

[1] The jury found that the locomotive whistle was sounded at a point 80 rods from the crossing as required by the statute. Article 6564, Vernon's Sayles' Ann. Civ. St. 1914. They found further, in response to an issue submitted to them at appellant's request, that, under the circumstances of the case, the whistle should have been sounded at a place nearer than 80 rods from the crossing, and then found that it was sounded

at such a place. The finding last mentioned is attacked by appellant as against the testimony. There is no merit in the complaint. The witness Saylor, the engineer operating the locomotive of the west-bound train, testified that he blew the whistle at a point "about 300 yards east of the crossing;" and the witness Harris, the fireman on that locomotive, testified to the same effect.

[2] Another contention urged in appellant's brief is that the court below erred when he refused to permit appellant to show by the affidavits, and testimony of jurors who tried the case, in support of his motion for a new trial that "the jury," quoting, "misapprehended and misinterpreted the whole case, showing that they failed to comprehend the charge of the court with reference to the facts proven and failed to apply the law given in the charge to the evidence before them." The contention is overruled. Caylat v. Railway Co., 252 S. W. 478, 113 Tex. 131, and authorities there cited.

The judgment is affirmed.