## DENISON v. DARDEN LUMBER CO.
### (No. 825.)

Court of Civil Appeals of Texas. Waco.
Sept. 26, 1929.

Rehearing Denied Nov. 14, 1929.

See, also, 3 S.W.(2d) 137.

F. R. Valentine and, W. L. Eason, both of Waco, for appellant.

F. M. Fitzpatrick and W. V. Dunnam, both of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted in the district court by appellant, J. R. Denison, against appellee, W. E. Darden, doing business under the name of Darden Lumber Company, to recover damages for injuries sustained by him in a collision between a motorcycle upon which he was riding and a truck driven by an employé of appellee. While not literally true, Elm street in East Waco is by local custom said to run east and west. Appellant was riding his motorcycle east on the south side of said street. One of appellee's employés was driving a truck west on the north side of said street. Appellee's lumber yard is situated on the south side of said street. The driver of said truck, just as the same was opposite appellee's yard, turned the same to the left across said street, and just about the time the rear wheels of said truck were two or three feet south of a street car track in the middle of said street, appellant's motorcycle skidded on one of the rails of said track, headed southward, and threw appellant's left side against the right-hand wheel of said truck. He sustained from the impact serious and permanent injuries.

The case was submitted to a jury on special issues. The court, in response to the answers returned thereto by the jury, rendered judgment for appellee.

### Opinion.

Appellant by several assignments of error, adopted as propositions, contends that the court erred in rendering judgment on the verdict of the jury. Appellant alleged as a basis for the recovery of damages a single act of negligence upon the part of appellee's employé who was operating said truck at the

time. Said allegation was as follows: "That at the time of said collision and immediately prior thereto said truck driver was guilty of negligence, in that he failed to hold out his hand as he went to make said turn and failed to sound his horn and failed to give any character of notice indicating that he was about to make said turn."

Appellant testified on said issue, as follows: "The negro truck driver did not do anything to give me notice that he was going to turn before he started to turn; he did not sound his horn or give me any signal whatever before he made that turn indicating that he was going to make the turn. He turned his steering wheel with both hands and held out his hand after he started to turn but it was too late then for me to stop."

Appellee's truck driver testified on said issue as follows: "When I went to make the turn into the lumber yard I was making about four or five miles an hour. I had to make a sharp turn across the street. Before making that turn I held my left hand out. I saw Mr. Denison on his motorcycle when I held my hand out. He was down in front of the Dixie Ice Company, I judge about 60 feet west of the Darden Lumber Company yard * * * When I turned to go into the yard I held out my hand and the gentleman on the motorcycle drove on and when he got pretty close, I guess about 20 feet of me I heard his brakes; he seemed to try to stop and I looked and it seems that he started around and caught the motorcycle in the street car track."

The jury found, in substance, in response to special issues 1, 2, and 3 submitted by the court, that the driver of said truck was an employé of appellee; that in operating said truck he turned the same suddenly to the left and thereby caused the same to run immediately in front of appellant's motorcycle, and that a collision between said vehicles occurred. Said findings are favorable to appellant, and he makes no complaint thereof. The court in his fourth special issue submitted the issue of negligence pleaded and relied on by appellant in the following language: "At the time of the turning of the truck in question to the left, if you have found that such truck was turned to the left at the time and place in question, did the driver of said truck at said time fail to hold out his hand or give any notice to the plaintiff indicating to the plaintiff that he was about to make said turn?" No objection by appellant to either the form or substance of said special issue is shown. The jury answered the same "No."

Appellant contends that the issue so submitted and the finding of the jury thereon were immaterial, in that the jury were by said issue as submitted asked to find whether the driver of said truck, as he was turning the same, held out his hand or gave other notice of his intention to make such turn, while the real issue which the jury should have been asked to determine was whether such driver held out his hand at such time prior to the time of turning as to have enabled appellant to avoid the collision. Appellant further contends that the court erred in rendering judgment against him on the finding of the jury in response to such issue, because, he asserts, said issue in clear and unmistakable language limits the jury in their finding in response thereto to the action of the driver at the very time when he was turning said truck to the left across the street. The substance of appellant's allegation is that the truck driver "at the time of said collision and immediately prior thereto," failed "as he went to make said turn" to give any "notice indicating that he was about to make said turn." According to the testimony, the collision occurred after the truck had turned and gotten more than half way across the street. What period of time prior to the actual collision was intended to be covered by the words "immediately prior thereto" does not appear with clearness and certainty, but is left to be inferred from the further allegation that, "as he went to make said turn," he gave no notice "indicating that he was about to make said turn." The substance of the issue submitted, omitting surplusage, is whether at the time of turning the truck to the left the driver thereof failed to hold out his hand or give any notice "indicating that he was about to make said turn." In said issue, as in appellant's allegation, the exact time prior to the actual turning intended to be covered by the inquiry is left to be inferred from the words "indicating that he was about to make said turn." We think the issue submitted was in substantial conformity to the negligence pleaded. Ordinarily such form of submission is sufficient. Davis v. Hill (Tex. Civ. App.) 291 S. W. 681, 683, par. 4; McAdoo v. McClure (Tex. Civ. App.) 232 S. W. 348, 352, par. 8; West Lumber Co. v. Smith (Tex. Civ. App.) 283 S. W. 1104, 1107, par. 5. Appellant was required, if dissatisfied with the form in which the court submitted such issue, to make timely objection thereto. This he failed to do, and by so failing waived his right to complain thereof on appeal. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, 186, 187; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030, 1032, par. 4; Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920, 921; Ft. W. & D. C. Ry. Co. v. Kidwell, 112 Tex. 89, 245 S. W. 667, 669; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008, 1010, par. 1; Lancaster v. Keller (Tex. Civ. App.) 244 S. W. 1094, 1096, par. 4 (writ refused); Port City Lumber Co. v. Markell (Tex. Civ. App.) 9 S. W.(2d) 449, 450, par. 2; Watts v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 264 S. W. 186, 189, par. 6; Noble v. Long (Tex. Civ.

App.) 298 S. W. 618, 619, par. 6; Campbell v. Johnson (Tex. Civ. App.) 284 S. W. 261, 263, par. 2; Hall v. Williams & Ellis (Tex. Civ. App.) 267 S. W. 520, 522, par. 10.

Appellant, by other assignments of error adopted as propositions, contends that the court should have granted a new trial because the jury misunderstood said special issue No. 4 and construed it as inquiring whether appellee's truck driver held out his hand while he was actually making said turn, as appellant testified he did, and that they did not intend by their answer thereto to find and would not have found that said truck driver held out his hand prior to beginning such turn. Appellant further contends that the jury misconstrued said issue as to what constituted notice by said truck driver that he was about to make such turn, and improperly concluded that the act of slowing the speed of said truck immediately prior to such turn constituted notice of such intention. Appellant presented such contentions in his motion for a new trial, and attached thereto an affidavit sustaining the same made by the foreman of the jury that tried the case. Said affidavit is not included in the statement of facts. It is nowhere made to appear that appellee, with the consent of the court, agreed that it should be received and considered as evidence. None of the jury were called or examined with reference to the matters contained therein at the hearing of said motion. While said affidavit constituted a part of appellant's pleadings in connection with his affirmative allegations of ground for a new trial, it did not constitute evidence of the facts therein stated. Harris v. Smith (Tex. Com. App.) 265 S. W. 546; Dancy v. Peyton (Tex. Civ. App.) 282 S. W. 819, 822, par. 11; Adams v. Stark (Tex. Civ. App.) 280 S. W. 1074, 1076, par. 2, and authorities there cited; Heid Bros. v. Bray (Tex. Civ. App.) 7 S.W.(2d) 165, 167, par. 4; Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890–892, and authorities there cited. We do not think the matters set forth in such affidavit constituted misconduct within the meaning of article 2234 of our Revised Statutes. Said affidavit does not disclose any overt act of misconduct such as is contemplated thereby. The mental processes or reasonings by which a juror reached his verdict, however faulty, illogical, or improper, do not constitute such misconduct. Jurors, after they have returned their verdict, cannot be subjected to an inquisition in order to ascertain whether they disobeyed or misunderstood the charge of the court or misunderstood or misapplied the facts in evidence. The affidavit of the foreman of the jury as aforesaid amounted to no more than an attempt to impeach his verdict, which is not permissible in the absence of some overt act of the character contemplated by said article of the statutes. Floyd v. Fidelity Union Casualty Co. (Tex. Civ. App.) 13 S.W.(2d) 909, 915, pars. 18 and 19, and authorities there cited.

Our holdings on the issues discussed control the disposition of this appeal and require the affirmance of the judgment. Consideration of other assignments presented by appellant is therefore unnecessary.

The judgment of the trial court is affirmed.