SCHOENFELD et al. v. DE PUY.

No. 9016.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1933.

Rehearing Denied April 5, 1933.

Birkhead, Beckman & Stanard, Ingrum & Smith, and Ben S. Morris, all of San Antonio, for appellants.

Cunningham, Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellee.

MURRAY, Justice.

J. De Puy, appellee, instituted this suit in the Seventy-Third district court of Bexar county against Charles M. Schoenfeld and Indemnity Insurance Company of North America, appellants herein.

De Puy had a contract with the United States government for the construction of a jetty at Sabine Pass. Schoenfeld entered into a subcontract with De Puy to furnish 44,-000 tons of slope and cap stone, which should weigh not less than 6, nor more than 10, tons per piece. This stone was to be sound, compact, hard, durable stone, satisfactory to the army engineer. The decision of the army engineer as to the quality and quantity of this stone was to be final. The insurance company became surety for Schoenfeld on his bond for faithful performance of his contract. Schoenfeld did not comply with his contract, and De Puy. was given judgment in the sum of $12,719.38 against Schoenfeld and the insurance company as a result of such failure to fully comply with the terms of this subcontract.

The case was tried before a jury, to whom was propounded eleven special issues. All issues were answered favorably to De Puy. Schoenfeld and the insurance company have appealed.

Appellants base their appeal upon misconduct of the jury. They placed two witnesses on the stand to establish this misconduct, Emmett Jones, Jr., and E. F. Lange, both of whom were on the jury that tried the case. The two witnesses do not agree as to just when the alleged misconduct occurred with reference to the answering of the respective questions, but it is reasonably deductible from all the evidence that all special issues except No. 7 had been answered by the jury before the alleged misconduct occurred. Question No. 7 reads as follows: "Do you find from a preponderance of the evidence that any of the stone that was rejected by the Government inspector was hard, sound, compact, durable stone, that would not break or crumble in handling, nor disintegrate in sea water, with the least dimension of each not less than one-third the greatest, weighing not less than six nor more than about ten tons, and angular in shape?"

The jury answered this question "No."

We are of the opinion that the answer to this question was immaterial, unless the jury had found that the engineer had acted arbitrarily, capriciously, or unreasonably in rejecting this stone. Brin v. McGregor (Tex. Civ. App.) 45 S. W. 923; Ball-Carden Co. v. Ridgell (Tex. Civ. App.) 171 S. W. 509, 511; Harrell v. City of Lufkin (Tex. Com. App.) 280 S. W. 174; Deal v. Craven (Tex. Com. App.) 277 S. W. 1046; Pettit-Galloway Co. v. Womack, 167 Ark. 356, 268 S. W. 353; Atlas Torpedo Co. v. U. S. Torpedo Co. (Tex. Civ. App.) 15 S.W.(2d) 150; Fullington v. Ozark Poultry Supply Co., 327 Mo. 1167, 39 S.W. (2d) 780; Gulf, C. & S. F. Ry. Co. v. Ricker (Tex. Sup.) 17 S. W. 382; Galveston, H. & S. A. R. Co. v. Henry, 65 Tex. 686; Galveston, H. & S. A. Ry. Co. v. Johnson, 74 Tex. 256, 11 S. W. 1113; Kettler Brass Mfg. Co. v. O'Neil, 57 Tex. Civ. App. 568, 122 S. W. 900; Wright v. Meyer (Tex. Civ. App.) 25 S. W. 1122; Martinsburg & P. R. Co. v. March, 114 U. S. 549, 5 S. Ct. 1035, 29 L. Ed. 255; 9 C. J. p. 903, § 250.

There is evidence in the record which would justify the conclusion that the jury had already answered "No" to questions Nos. 8 and 9 before the alleged misconduct occurred. Answering "No" to questions 8 and 9 amounted to a finding that the engineer did not act arbitrarily, capriciously, nor unreasonably.

Where parties enter into a contract by the terms of which they agree that a third person shall pass upon the quality of material to be used, and that the decision of such third person shall be final, they are bound by the decision of such third person, unless such person acts arbitrarily, capriciously, or unreasonably. It is not sufficient that the inspector has made a mistake or poorly exercised his discretion, but it must be shown that such inspector has been guilty of bad faith in the exercise of his discretion and duties, otherwise his decisions are binding on all parties and are final and conclusive.

Appellee contends that, as the inspectors were government engineers, he would not be affected, even if they should have acted fraudulently in the rejecting of cap and slope stone. We do not agree with this contention, and only agree with appellee to the extent that his rights could not be affected if the engineers acted in good faith, regardless of how imperfect their judgment and decisions may have been.

Appellee relies on the case of Ball-Carden Co. v. Ridgell, supra, to support his contention that his right to recover against Schoenfeld for his failure to deliver material could not be affected by the arbitrary, capricious, or unreasonable conduct of the government engineer. We find the following language in

that decision: "By the terms of appellants' contract with appellee the question of whether or not the gravel purchased complied with the specifications of appellants' contract with the United States for the construction of the locks and dams was left to the judgment of the government's engineer, and the determination of A. E. Waldron that it did not is conclusive of the matter, regardless of any view other witnesses may have expressed in relation thereto, and settles the issue in favor of appellants."

We do not disagree with this statement of the law. In that case the subcontractor had sued the contractor for failure to accept material which had been rejected by the government engineer. As far as the contractor was concerned, the material was unusable. It made no difference to the contractor whether it had been rejected in good faith or bad faith, he could not use it in the carrying out of his contract with the government. As long as the contractor did not act in collusion with the government engineer, he could not be made to accept and pay for material which had been rejected by the engineer, even though the engineer had acted in bad faith in doing so.

■ In the present case the contractor has sued the subcontractor for failure to furnish material. The subcontractor has answered by stating that he was prevented from furnishing the material he had contracted to furnish by the government engineer rejecting his material, arbitrarily, capriciously, and unreasonably. We feel that this defense should be available to him. Not simply that the engineer had used bad judgment, had made mistakes, but that the engineer had not honestly exercised his judgment, but had been guilty of bad faith. Any other rule would require a subcontractor to carry out his contract or answer in damages for his failure to do so, even though he was prevented from delivering such material by the arbitrary, capricious, and unreasonable conduct of the government engineer.

It is true that, before Schoenfeld could recover against De Puy, he would have to establish the fact that De Puy had acted in collusion with the engineer. But such collusion would not be necessary to justify Schoenfeld in refusing to proceed with his subcontract, if its performance had been rendered impossible by the fraudulent acts of the government engineer.

■■ The trial court's action in overruling appellant's motion for a new trial resolved all fact issues against appellants where there was a conflict of evidence, and, as the evidence was conflicting as to when the alleged misconduct occurred, we are justified in concluding that the jury had found that the government engineer did not act arbitrarily, capriciously, or unreasonably before the alleged misconduct occurred, which of course rendered the answer to question No. 7 immaterial.

■ Regardless of when the alleged misconduct may have occurred, it is very doubtful if the same was of such a nature as to require a reversal of this case. The alleged misconduct consisted of a statement by the jury that the case would be appealed, anyhow, and that Schoenfeld would not have to pay the judgment if he lost, but that the insurance company would have it to pay, and that the insurance company would have no recourse against Schoenfeld.

There is no evidence that these statements affected the jury or caused them to find differently than they would have found if the remarks had not been made, and the remarks are not of such a nature that an injury to appellants will be presumed. Hansen v. Ponder (Tex. Civ. App.) 23 S.W.(2d) 737; Maloney v. G. A. Stowers Furniture Co. (Tex. Civ. App.) 28 S.W.(2d) 306; Ward v. Jones (Tex. Civ. App.) 293 S. W. 604; Commercial Standard Insurance Co. v. Miller (Tex. Com. App.) 48 S.W.(2d) 618.

It is shown that the remarks as to who would have to pay the judgment was invited by argument of counsel for appellants. The fact that the jury took issue with the argument or did not properly construe the bond cannot impeach or set aside their verdict. Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413; Ward v. Jones (Tex. Civ. App.) 293 S. W. 604.

■■ The fact that one juror agreed to the verdict because he had been sick, because he did not want to be confined with one of the other jurors who had become sick, and because he wanted to get out and go home to his sick wife, can be of no effect. A juror will not be permitted to impeach his verdict, solemnly rendered in open court, by his own statement made on a motion for new trial, that he had in his mind certain improper considerations which prompted him to agree with his other eleven brother jurors. Especially is this true where these matters were not referred to by him during the deliberations or at the time the verdict was rendered in open court. The trial court properly excluded all testimony of this nature. Bradley v. R. Co. (Tex. Com. App.) 1 S.W.(2d) 861.

In this case we have a statement of facts consisting of more than 600 pages of testimony, together with many exhibits. Appellants do not complain in their briefs of any error that occurred during the trial of this lengthy case, but seek a reversal of this judgment on the sole ground of misconduct of jury. We are of the opinion that the misconduct complained of is insufficient to require the setting aside of the judgment in this case.

The judgment of the trial court is affirmed.