## ALLALA v. A. N. TANDY & SONS.*
### No. 9037.

Court of Civil Appeals of Texas. San Antonio.

April 5, 1933.

Rehearing Denied April 19, 1933.

Seabury, George & Taylor, of Brownsville, for appellant.

Davenport, West & Ransome, of Brownsville, for appellees.

MURRAY, Justice.

Domingo Allala, appellant, sued the appellees, A. N. Tandy, Cleve Tandy, Clyde Tandy, and the firm of A. N. Tandy & Sons, a partnership composed of A. N., Cleve, and Clyde Tandy, for damages alleged to have been sustained by appellant by reason of the negligence on the part of appellees in discharging their duties under a contract by the terms of which appellant delivered certain tomatoes to appellees to be graded, packed, shipped, and sold by them as commission merchants. Appellant alleged that he brought the suit for himself and for various other growers named in his petition, for whom he sues as agent and trustee, to avoid a multiplicity of suits.

The trial was before a jury. The verdict of the jury was favorable to appellees, and the trial court entered judgment that plaintiff below, Domingo Allala, take nothing. The verdict of the jury and the judgment of the court were against appellees on their cross-action.

Appellant complains that he was not permitted to sufficiently cross-examine Cleve Tandy, one of the appellees. The statement of facts discloses that Cleve Tandy was called to the witness stand by the attorney for appellant. Cleve Tandy being an adverse party, cross-examination was permitted by the court. There are approximately 180 pages of this cross-examination.

Just before this examination was brought

*Writ of error granted.

to a close by the court, we find the following objections and rulings of the court:

"Court: You went over all that yesterday.

"Mr. Davenport (attorney for appellees): I object to that it is just a repetition.

"Court: The objection is sustained.

"Court: I am going to admonish you not to ask him about St. Louis again.

"Court: He has already said there was no reason for it. You want to ask him again.'

"Mr. Taylor (attorney for appellant): I never have asked him, but every time I start the court looks like he wants to put me in jail.

"Court: We may have to do that. You have already asked him once and he has already stated how he made up that analysis.

"Mr. Taylor: I desire to ask him why he didn't put in these other places.

"Court: It is just an argument."

It is upon the above rulings of the court that appellant bases his contention that he was not permitted to sufficiently cross-examine this witness. In the light of the explanations and reasons given by the court for his rulings, it is not shown that the trial court abused his discretion. Jones on Evidence (2d Ed.) §§ 818 and 900.

Appellant next complains that Rev. E. P. Day, a Presbyterian minister, and friend of appellees, was present in the courtroom throughout the trial, that he and Cleve Tandy were seen talking with jurors at every recess of the court, and, when counsel for appellant was ready to begin his closing argument, one juror was three minutes late in taking his seat in the jury box, and it was afterward found out that this juror had been engaged in a private conversation with Rev. Day in the hall during this period of delay. Rev. Day was also heard to tell some of the jury that Cleve Tandy was a deacon in his church. Appellant and those for whom he sued were members of the Catholic Church. This complaint was set out in appellant's motion for a new trial. The trial judge refused to hear evidence on this complaint.

It will be noted that appellant did not charge that the minister conversed with jurors concerning the case, or expressed an opinion to such jurors as to its merits. Neither is it alleged that appellant did not know of all of these acts before the jury rendered its verdict, but, on the other hand, it affirmatively appears that a great part at least of the activities of Rev. Day were known to appellant and observed by him as they transpired.

■ It is the duty of a party to a suit, when he observes that the jury is being improperly tampered with, to call the matter to the court's attention so that the court may take steps to prevent any further such tampering. It is also the duty of such a party, if he has knowledge that the jury has been subjected to improper influences, to ask permission to withdraw his announcement of ready, that the jury be discharged and either a new jury impaneled or the case continued. He cannot sit silently by, observe improper conduct with reference to the jury, take his chances upon securing a favorable verdict from the jury, and, when the verdict is adverse, set up for the first time the misconduct that he had full knowledge of before the verdict was ever received by the court. Where, as in this case, the appellant observed the alleged misconduct throughout the trial, without making complaint to the trial judge, and where the alleged misconduct was the undue familiarity of appellees' minister friend with the jury, the trial judge did not abuse his discretion in refusing to hear evidence on same. Clark v. Elmendorf (Tex. Civ. App.) 78 S. W. 538; Olivares v. S. A. & A. P. Ry. Co., 37 Tex. Civ. App. 278, 84 S. W. 248; Gulf, C. & S. F. Ry. Co. v. Gibson, 42 Tex. Civ. App. 306, 93 S. W. 469; Campbell v. Struve (Tex. Civ. App.) 30 S.W.(2d) 344; Anderson v. Construction Co. (Tex. Civ. App.) 254 S. W. 642.

Appellant next complains of the trial court's refusal to permit him to introduce evidence on the twentieth paragraph of his motion for a new trial which set up alleged misconduct of the jury during their deliberations.

■ The motion is not sworn to, and neither is this allegation supported by affidavit. Where a motion for a new trial is not verified and no supporting affidavits accompany it, and where no good reason is shown for failure to furnish such affidavits, it is discretionary with the trial court whether or not he permits the members of the jury to be called as witnesses and examined as to such alleged misconduct. Stubblefield v. Stubblefield (Tex. Civ. App.) 45 S. W. 965; Houston, E. & W. T. Ry. Co. v. Eddings, (Tex. Civ. App.) 139 S. W. 902.

Article 2234, R. C. S., reads as follows: 'Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

This provision of the statute should not be construed to deprive the trial judge of all discretion, but, on the contrary, he may refuse to hear oral testimony on such allegations of misconduct unless same are supported by affidavit, or good excuse shown why supporting affidavits are not furnished.

If this was not the rule, the question of the misconduct of the jury could be gone into and.

all the members of the jury placed upon the witness stand and examined in every case, merely upon a general unsworn allegation of misconduct. The trial court properly refused to hear evidence on the alleged misconduct.

■ The other assignments of error refer to admissibility of evidence. The matter inquired about was the best market for tomatoes in the United States from May 6 to June 4, 1931. This, by its very nature, was a very broad and general proposition. Hearsay evidence as to markets had to be relied upon to a great extent, and we find no error in the court's rulings on the admissibility of evidence in any of the manners complained of by appellant.

The judgment is affirmed.