DOMINGO ALLALA V. A. N. TANDY & SONS ET AL.

No. 6537. Decided April 1, 1936.
(92 S. W., 2d Series, 227.)

*Seabury, George & Taylor,* of Brownsville, for plaintiff in error.

A motion for new trial, based upon a material communication by one or more jurors to the other jurors while deliberating for a verdict, and which induced the jury to agree to a verdict that they would not have otherwise agreed upon is not required to be verified under the statutes, and it is not reversible error for the trial court to refuse to hear evidence of said communication and its materiality from the jury in open court. Estep v. Bratton, 24 S. W. (2d) 465; St. Louis, S. F. & T. Ry. Co. v. Rutland, 292 S. W., 182; Speer's Law of Special Issues in Texas, 1932 Ed., sec. 489; 46 C. J., 315, sec. 465.

*Davenport, West & Ransome,* of Brownsville, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion for the Commission of Appeals, Section A.

This is a suit by Domingo Allala against A. N. Tandy & Sons for damages for the negligence of the latter in carrying out their contract as commission merchants. The trial was before a jury on special issues, resulting in a judgment for Tandy & Sons. The Court of Civil Appeals affirmed said judgment. 59 S. W. (2d) 205.

The material facts, so far as need be stated, are substantially as follows:

Tandy & Sons are commission merchants at Brownsville, Texas, engaged in the business of selling for the producers, on the various markets throughout the United States, tomatoes and other produce grown in the Rio Grande Valley in the vicinity of Brownsville. In the year 1931, Allala employed said firm to handle and sell for him, on the markets, the tomatoes grown by him during that year. For the most part, the tomatoes that were sold by Tandy & Sons, in pursuance of this contract of employment, were shipped by them to New England markets and sold there. In many instances, the proceeds of such sales, after the payment of freight charges, amounted to less than what would have been realized if the tomatoes had been sold on the Brownsville market. In other words, it appears in testimony that in comparison with the New England markets the Brownsville market, in many instances, during the season of 1931, offered a better market for the sale of tomatoes. Negligence of Tandy & Sons in failing to obtain the best market price for the tomatoes in question is a controverted issue raised by the testimony, and this issue of negligence was submitted to the jury, among others, in the form of a special issue. Bearing on this issue, testimony of a number of witnesses showing the market price of tomatoes at Brownsville, on relevant dates, was introduced in evidence by Allala. It further appears that the buyers of tomatoes on the Brownsville market bought same for resale on markets in the midwestern part of the country, such as Chicago, St. Louis, and the like. In his motion for new trial presented in the trial court, Allala, as ground for new trial, alleged substantially that while the jury were considering of their verdict on the special issue relating to the alleged negligence of Tandy & Sons in the respect stated above, "one or more of the jurors made communication to one or more, if not all, the other jurors" to the effect that in order to make proper comparison between the market price of tomatoes on the New England markets and the market price of tomatoes on the Brownsville market, as testified to by the witnesses mentioned above, the cost of transportation to the point to which the tomatoes were shipped would, in each instance, have to be taken into account. It was further alleged that some if not all the jurors were induced, by this communication between themselves, to agree to the verdict acquitting Tandy & Sons of negligence in the respect stated. The trial court refused to hear the testimony of jurors

offered in support of the above averments, and overruled the motion for new trial. The Court of Civil Appeals affirmed the judgment of the trial court in this respect for the reason that the averments of the motion were not sworn to. We find it unnecessary to consider whether this ruling of the Court of Civil Appeals be correct or not. Regardless of this question, the action of the trial court was proper. It is quite true that where a new trial is sought "because of any communication made to the jury," article 2234 of the statutes requires the trial court to "hear evidence thereof from the jury"; but clearly this does not mean that the jurors, in considering of their verdict, shall not discuss the testimony in evidence before them, or that they shall be permitted to impeach their verdict by saying afterwards that their verdict was induced by their misinterpretation or misapplication of the testimony. In the case shown, nothing more than a misinterpretation of testimony appears. Even if such misinterpretation be conceded, proof of the fact that the misinterpretation induced the verdict on the issue of negligence still would depend entirely on the testimony of jurors as to their mental processes. The statute does not contemplate that jurors, either individually or collectively, shall be allowed to destroy their verdict in this fashion.

We have considered the other grounds of complaint presented in the application for writ of error, and no reversible error has been found. The judgment of the trial court and that of the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court April 1, 1936.