**JONES et al. v. WATKINS et al.**

No. 12320.

Court of Civil Appeals of Texas. Dallas.

Oct. 3, 1936.

Rehearing Denied Nov. 7, 1936.

Geo. C. Cochran, of Dallas, for plaintiffs in error.

Vaughan & Work, of Dallas, for defendants in error.

LOONEY, Justice.

Defendants in error (plaintiffs below) brought the statutory action of trespass to try title against plaintiffs in error (defendants below) and a few others who did not appeal, to recover two tracts of land, parts of the Hollian survey in Henderson county, Tex., and for injunctive relief, temporary and permanent, enjoining defendants from asserting claims, clouding plaintiffs' title, and enjoining the county clerk of said county, in his official capacity, from accepting for filing and recording any instrument in writing by defendants, having the effect of clouding plaintiffs' title.

Plaintiffs in error (except Jake or Jacob Thompson against whom judgment by default was rendered) answered by a general denial and plea of not guilty. The case was tried without the intervention of a jury and resulted in judgment for plaintiffs against the defendants, granting all relief prayed for, from which this appeal was taken.

The court filed findings of fact which, in our opinion, are supported by evidence and are adopted as the conclusions of this court. Among others, the court found: "9th. That the plaintiffs clearly showed a record title from the sovereignty of the soil in to them, to the property in question. 10th. That the Thompson defendants in this case are mostly ignorant negroes and are easily persuaded by others to execute fictitious claims for land such as the one in evidence in this cause, and have harrassed the plaintiffs in this manner on various occasions by filing such fictitious claims."

The court's conclusions of law are these: "1st. That the plaintiffs are entitled to their right of title and possession to the land in question and that they have a good, clear record title to the same from the sovereignty of soil to them. 2nd. That the plaintiffs and their predecessors in title are innocent purchasers to any claim of the defendants, if they ever had any claim to the property in question. 3rd. That defendants failed to show any title or interest in the property in question and their claim if any to said property is purely a fictitious one. 4th. I further conclude that under the law plaintiffs are entitled to the injunctive relief sought in view of the continual harrassment by the Thompson defendants in finding (filing) and asserting fictitious claims such as the one in this cause to the property in question."

These findings and conclusions authorized the judgment appealed from, which in our opinion should be affirmed, unless reversible error is shown.

As to Jake or Jacob Thompson, the contention is urged that the citation issued to Dallas county and served on this defendant was void, because issued without authority, in that, in plaintiffs' original petition, the residence of said defendant was alleged to be in Henderson county, therefore the court, being without jurisdiction, was without authority to render the default judgment against this defendant.

The question is raised for the first time on appeal. The record discloses that the suit was filed June 19, 1935; the residence of Jake Thompson was alleged to be in Henderson county, Tex. It appears that on June 22, 1935, the clerk of the court issued citations to Henderson, Collin, and Dallas counties, for service on

Jake Thompson and other defendants. The one issued to Dallas county was duly served on Jake Thompson June 27th, but it seems that on June 26th plaintiffs filed a formal pleading, praying for the issuance of citation for this defendant to Dallas and other counties.

On appeal, in the absence of a showing to the contrary, we think the presumption should be indulged that the citation served upon this defendant was issued to Dallas county on the application of plaintiffs or their attorney. The filing of a supplemental petition requesting the issuance of such process is not required to be in writing, hence the request could have been made, as presumably it was made, by parol.

With reference to service had under similar circumstances, Chief Justice Stayton, in Sanders v. City Nat'l Bank (Tex. Sup.) 12 S.W. 110, 111, said: "It has long been settled that such service was proper." Also see Pierson v. Beard (Tex. Civ.App.) 181 S.W. 765 (writ refused). We overrule this assignment of error.

The further contention is made on behalf of Jake or Jacob Thompson that the trial amendment filed September 23d, the day judgment was rendered, by plaintiff Royall R. Watkins, set up an entirely new and different cause of action, in that in their original petition plaintiffs sued as joint owners of the lands involved, but in the trial amendment Royall R. Watkins claimed both in his individual capacity and as trustee for his daughter, Margaret (also plaintiff).

In their original petition, plaintiffs alleged "that on the first day of January, A. D. 1935, plaintiffs were and still are the owners in fee simple of the following described premises· situated in the County of Henderson and State of Texas," followed by a detailed description of the two tracts involved. The trial amendment filed by plaintiff Royall R. Watkins on September 23, 1935, reads: "Now comes Royall R. Watkins, one of the plaintiffs herein, and with leave of the court first had, files this his trial amendment to his original petition, and would thereby show to the court that this cause of action is brought by him, Royall R. Watkins, individually and as trustee for his said daughter, Margaret Watkins, and all of said plaintiffs pray judgment of the court as in the original. petition on file herein." Default judgment was rendered against Jake or Jacob Thompson on the same day. The judgment rendered was in favor of Royall R. Watkins, individually for the recovery of the 327.2-acre tract, and as trustee for' his daughter Margaret for a one-half undivided interest in and to the oil, gas, and minerals in and under said tract of land, and also in his favor as trustee for his daughter for an undivided one-fourth interest in the oil, gas, and mineral rights in and under the 88.9-acre tract, and in favor of Margaret Watkins individually for the recovery of the 88.9-acre tract.

We do not think the trial amendment either set up a new or different cause of action from that alleged in the original petition, or that it in any material sense broadened the basis for the introduction of evidence as to the respective interests owned by each plaintiff in the lands. Royall R. Watkins and his daughter Margaret, having sued in trespass to try title, claiming absolute ownership of the lands, could, without the trial amendment, have proven the interest respectively owned by each and obtained the relief granted by the court. The allegation in the original petition of absolute ownership was substantially proven by evidence, showing that title, either in whole or in part, was held in a trust capacity (Matula v. Lane, 22 Tex. Civ.App. 391, 55 S.W. 504-508), each plaintiff being entitled to judgment for the portion or interest in the lands sued for, less than the whole, to which title was proven. As said by Judge Gaines in Smith v. Olsen, 92 Tex. 181-186, 46 S.W. 631, 633: "If the plaintiff shows title to an interest in any part of the land described in his petition, he is entitled to a recovery of such interest in such part." To the same effect, Judge Watts, in Williams v. Davis, 56 Tex. 250, 255, said: "Appellants, having sued for the whole land, could have recovered even an undivided interest"—citing Hutchins v. Bacon, 46 Tex. 408, 414; also, see 41 Tex. Jur. § 103, pp. 587, 588.

Plaintiffs in error concede the correctness of the above proposition, that is, in their brief at page 27 it is conceded that, if plaintiffs. had pleaded title generally, they could have proven and recovered title to any interest supported by the evidence; but their contention being that, as plaintiffs specially pleaded their title, it should have been proven as alleged, hence that the judgment was without proper basis. As revealed later, we do not

agree that plaintiffs specially pleaded their title; therefore, in harmony with the discussion, overrule this assignment.

It is also contended that the court erred in overruling the general demurrer urged to plaintiffs' petition, in that they specially pleaded title based upon two judgments, there being no showing that the parties to said judgments were the same parties defendants in the instant suit, or that the issues involved were the same. Based upon this major contention, plaintiffs in error urge several dependent or subsidiary propositions, which will not be separately discussed.

■ We cannot accept this view; the petition contains all the essential general allegations prescribed by statute in an action of trespass to try title. The cause of action was dual in nature, in this, plaintiffs sought recovery of the lands, and also in the nature of a bill of peace—or quia timet—sought an injunction to prevent defendants from clouding their title by the further assertion of claims to the lands. The judgments pleaded were but evidentiary facts bearing upon the right of plaintiffs to injunctive relief, and, in our opinion, were not set up as links in the chain of titles. We overrule all assignments relating to this phase of the case.

Plaintiffs in error also contend that the court erred in rendering judgment in favor of Royall R. Watkins, trustee for his daughter, for a one-half undivided interest in the oil, gas, and minerals in and under a 327.2-acre tract, and an undivided one-fourth interest in and to the oil, minerals, and gas in and under the 88.9-acre tract.

The contention just stated, is predicated on the assumption that the trust instrument executed by Mrs. Laura M. Watkins (mother of Royall R. Watkins and grandmother of Margaret), creating the trust in favor of her granddaughter (to terminate when Margaret reached the age of 25 years), contained an insufficient description of the lands, and further that no showing was made that Margaret had not at the time judgment was rendered reached the age of 25 years.

■ In the first place, we do not think plaintiffs in error are concerned with these questions, as they pertain to the rights of plaintiffs as between themselves. If the trust instrument was void because of insufficient description of the lands, title did not pass from Mrs. Laura M. Watkins, but at her death, as disclosed by the record, passed to her son, Royall R. Watkins, under the terms of her will. If this truly states the situation, the court erred, not against plaintiffs in error, but against Royall R. Watkins, in recognizing his daughter Margaret as cestui que trust, to the extent of undivided interests in the oil, gas, minerals, etc., in and under the lands in question, but Royall R. Watkins alone could complain of such an error.

■ However, no error was committed, as the description in the trust instrument, although general in nature, in our opinion, is sufficient. It conveyed to Royall R. Watkins, for the use and benefit of Margaret, an undivided one-half interest in and to all oil, gas, ore, lignite, and other minerals, in and under several tracts of land situated in Limestone, Sabine, and Henderson counties, state of Texas, among others, the tract of land in question, located in Henderson county, described as follows: "Also a certain tract in the John F. Hollian Survey, about twelve miles southwest of Athens." We also overrule this assignment.

■ Error is assigned on the admission, over defendants' objections, of the two judgments pleaded by plaintiff as evidentiary facts supporting their plea for injunctive relief. The objection leveled at the action of the court is, that the judgments were not admissible, in the absence of the entire court proceedings in the cases. The evidence was offered merely to show the fact that the judgments had theretofore been rendered against a number of persons who are defendants in the instant case, as illustrative, in connection with other evidence on the issue, of the continuous persistent assertion of claims by said defendants to the lands in controversy. We do not think it was necessary for plaintiffs to have produced the whole proceedings in these cases, as a predicate for the introduction of the judgments. See 15 R.C.L. 1048, § 530. Besides, under a familiar rule of evidence, defendants had the right to introduce, if relevant, the entire record pertaining to these cases. We therefore overrule all assignments relating to the introduction and consideration of the judgments in question.

It is further insisted that plaintiffs were not entitled to judgment, because the evi-

dence shows that, if they owned any title to the land, it was to an undivided interest, held in connection with others as cotenants. The assumption that plaintiffs only owned an undivided interest as cotenants seems to be based alone upon the fact that an oil and gas lease was executed by plaintiff Royall R. Watkins for himself and as trustee for his daughter Margaret, and by Margaret in her own right, joined by several other parties, as joint lessors, to the Sun Oil Company, lessee, in which lessors leased, for the purpose above mentioned, a described body of land aggregating 678 acres out of the John F. Hollian survey, in Henderson county, which evidently includes the lands involved in the instant suit.

 We know no reason why owners of contiguous tracts of land could not execute a joint lease of a large body comprising separate tracts individually owned by the lessors, without destroying or affecting the integrity of the title of lessors to their respective tracts. So we conclude that the conclusion drawn by plaintiffs in error from the execution of the joint lease is an inference not authorized by the premises. Besides, as against trespassers, a cotenant may recover the entire tract. See Padgett v. Guilmartin, 106 Tex. 551, 172 S.W. 1101; 41 Tex. Jur. § 103, pp. 587, 588.

Counsel for plaintiffs in error has presented a thorough, painstaking brief, but we fail to find that the rulings of the court and matters complained of furnish any reason for overriding the general presumption in favor of the correctness of the judgment of the court below; therefore overrule all assignments and affirm the judgment.

Affirmed.

### On Rehearing.

In paragraph No. 1 of their motion for rehearing, plaintiffs in error alleged that we erred in adopting the finding of the trial court, to the effect that defendants (plaintiffs in error) were mostly ignorant negroes and easily persuaded to execute fictitious claims, etc., the contention being that there was no evidence to justify the finding. We adopted this finding of the trial court, as its correctness was not challenged by plaintiffs in error, the question being raised for the first time in their motion for rehearing.

In paragraph No. 23 of their motion for rehearing, plaintiffs in error complain of our action in affirming the judgment of the trial court, wherein defendants were enjoined in the respects mentioned. This question is also raised for the first time in the motion for rehearing.

After duly considering all grounds for rehearing, set up by plaintiffs in error, the motion is overruled.

Overruled.