**MEYER et al. v. GILLESPIE COUNTY.**

No. 9995.

Court of Civil Appeals of Texas. San Antonio.

April 7, 1937.

Rehearing Denied Oct. 6, 1937.

Alex Jung, of Fredericksburg, for appellants.

Arthur Stehling, of Fredericksburg, for appellee.

MURRAY, Justice.

Affirmed without written opinion. See Associated Indemnity Corporation v. Gatling (Tex.Civ.App.) 75 S.W.(2d) 294.

On Motion for Rehearing.

Appellants' motion for a written opinion will be granted.

Appellee, Gillespie County, instituted this suit in the nature of a condemnation proceeding in the county court against Arnold Meyer, and the other appellants herein, seeking to condemn 2.36 acres of land for highway purposes out of a tract of 145 acres.

The cause was submitted to a jury on special issues, who found by their verdict as follows:

First. That the 2.36 acres condemned for highway purposes was of the market value of $59.00.

Second. That the remaining portions of the lands owned by appellants (defendants below) suffered a decrease in market value by reason of the appropriation of the 2.36 acres for highway purposes.

Third. That the decrease in the market value of the remainder of such lands was $105.50.

Fourth. That the remainder of such lands would not be increased in market value by the appropriation of the 2.36 acres for highway purposes.

Judgment was entered in keeping with the findings of the jury, and this appeal is prosecuted from that judgment by Arnold Meyer and the other joint owners of the land.

Appellants, by their first proposition, contend that the damages awarded appellants were manifestly too small, especially in view of certain alleged misconduct of the jury. Appellants attached to their motion for a new trial an affidavit of some of the jurors stating, in effect, that in determining the damages to the remaining land they did not take into consideration the alleged decreased market value of such land, but only the cost of building fences and gates along the new highway, and that in this manner they disobeyed the instruction contained in the charge of the court to the effect that this item of damage should be considered. Appellants offered to call the jurors to the witness stand to establish this alleged misconduct, which was not permitted by the court. This was not error. Jurors will not be permitted to impeach their own verdict in this manner, in the absence of a showing of some overt act occurring during their deliberations. Phillips v. Texas & Pac. Ry. Co. (Tex.Civ. App.) 281 S.W. 1104; Watts v. Texas Employers' Insurance Ass'n (Tex.Civ.App.) 264 S.W. 186; Patterson v. Gulf, Coast & S. F. Ry. Co. (Tex.Civ.App.) 77 S.W.(2d) 1073 (writ of error dismissed).

In Bradley v. T. & P. Ry. Co. (Tex.Com. App.) 1 S.W.(2d) 861, 863, it is stated:

"(1) The contention is made by plaintiff in error that, as no overt act of misconduct operated to cause the juror to give consideration outside of the elements of damage submitted in the court's charge, the mental processes or reasonings by which the juror reached his verdict, however faulty, illogical, or improper, does not constitute misconduct within the contemplation of article 2234, R.S.1925, which expressly authorizes the court to hear evidence thereof from the jury in cases where the ground of

the motion for new trial is misconduct of the jury.

"Prior to the enactment of article 2234, it had been consistently held by the courts of this state that a juror could not be heard by affidavit or testimony to impeach his verdict. The statute was passed to modify this firmly fixed rule. We think the evident purpose of this statute was to permit jurors to testify with reference to some overt act of misconduct on the part of some member of the jury or a third person, and of such a nature as might be reasonably calculated to improperly influence some member of the jury in reaching a verdict.

"We are unable to bring ourselves to the view that it was contemplated by this enactment to permit jurors, after their verdict had been returned, to be subjected to an inquisition in order that it might be ascertained whether they disobeyed or misunderstood the charge of the court or misunderstood or misapplied the facts in evidence."

In Traders & General Ins. Co. v. Lincecum (Tex.Com.App.) 107 S.W.(2d) 585, some of the expressions in the Bradley Case were overruled, but the above statement is in no way affected. See, also, Denison v. Darden Lumber Co. (Tex.Civ.App.) 21 S.W.(2d) 574; Schoenfeld v. De Puy (Tex.Civ.App.) 58 S.W.(2d) 574; Allala v. A. N. Tandy & Sons (Tex.Civ.App.) 59 S.W.(2d) 205, affirmed 127 Tex. 148, 92 S.W.(2d) 227; City of Dallas v. Firestone Tire & Rubber Co. (Tex.Civ.App.) 66 S.W. (2d) 729; Harrison v. Missouri, Kansas & T. P. Co. of Texas (Tex.Civ.App.) 89 S.W. (2d) 455; Kindle v. Armstrong Packing Co. (Tex.Civ.App.) 103 S.W.(2d) 471.

■ With the question of the misconduct of the jury thus eliminated for the consideration of this proposition, the amount found by the jury cannot be held to be manifestly too small.

The disposition we have made of the above proposition disposes of a number of appellants' contentions, as they are based upon the theory that the evidence of the jurors as to the alleged misconduct should have been heard and considered by the trial court.

■ Appellants complain of the action of the court in sustaining objections to certain questions propounded to the several witnesses. It is not shown what the witnesses answers would have been if permitted to answer these questions. In the absence of a showing as to what the witnesses would have answered, it is not possible for this court to determine whether or not the rights of appellants were prejudiced by such rulings. There is no showing of injury to appellants. To illustrate, the witness, Major Hutson, was asked if he as a highway engineer could estimate the amount of increased traffic that would be carried by the new highway. It is not even suggested what his answer would have been. Suppose his answer would have been that he could not make any such estimate, in what way would appellants be injured by the failure to secure this answer from the witness? The same is true as to all of the questions complained of by appellants. There being no showing of injury to appellants, all propositions with reference to the exclusion of testimony will be overruled. 3 Tex.Jur. p. 195, § 131; Guilmartin v. Padgett (Tex.Civ.App.) 138 S.W. 1143, reversed on other grounds, in 106 Tex. 551, 172 S.W. 1101; Galveston, H. & S. A. Ry. Co. v. Dehnisch (Tex.Civ.App.) 57 S. W. 64.

■ Complaint is also made to the effect that certain remarks of the trial judge were prejudicial. On one occasion the trial judge, addressing his remarks to counsel for appellants, said: "You should stay within the bounds of proper examination and confine your questions to the issues in this case. If you think the court cannot stop you from making foolish inquiries you can hear some more."

The record discloses that these remarks of the court were provoked by counsel for appellants by his conduct in persisting in asking questions which had been excluded by the trial court.

■ Appellants complain of the exclusion of certain photographic pictures of the improvements of the premises; but as these pictures could have no bearing upon any disputed issues in the case, the court did not abuse his discretion in excluding the same. There was no dispute in the evidence as to the kind of improvements on the tract of land, nor was there any dispute as to the distance of such improvements from the proposed highway.

We have carefully considered all of appellants' 26 propositions of law, and find them without merit. Accordingly, the judgment of the trial court will be affirmed and appellants' motion for a rehearing overruled.