St. Louis Southwestern Railway Company of Texas v. James M. Pope.

No. 1404. Decided March 30, 1905.

**1.—Negligence—Duty to Party Injured.**

Actionable negligence must consist in the omission of a duty owing to the party seeking recovery, and is not established by showing that the default causing his injury threatened harm to others differently situated, which, for their protection, should have been anticipated and guarded against. (P. 541.)

**2.—Same—Cars Left Uncoupled.**

Freight cars were left in contact and uncoupled upon a siding, in disregard of a rule of the railway, which, to prevent accidents to trains by their getting out upon the main track required that they be coupled and brakes set, etc., when so left. A brakeman, on top of them while pushed by the engine of his train in switching, was injured by the uncoupled cars separating, on the engine being checked, while he was stepping from one to the other, causing him to fall to the ground. Held, that, to constitute negligence entitling him to recover, leaving the cars uncoupled must be found to be an omission threatening danger to him while doing the work and under the circumstances in which° he was injured, which ordinary care should have anticipated and guarded against. (Pp. 538-541.)

**3.—Same—Charge.**

A charge holding defendant liable if cars so left uncoupled were not reasonably safe and defendant wanting in ordinary care in so leaving them, was erroneous in failing to limit the jury to a consideration of the care required to anticipate and guard against injury to plaintiff or others in the manner in question and while doing the work in which he was then engaged. (Pp. 540, 541.)

**4.—Negligence—Knowledge of Danger.**

Where a brakeman, stepping from one car to another while pushed by an engine, was thrown to the ground by their separation, on the engine being checked, the cars not being coupled, the act of the engineer in checking up might be negligence if improperly done, irrespective of the cars being uncoupled, but if otherwise properly done, could not be held negligent by reason of the fact that they were uncoupled, if that condition was not known to the engineer. (Pp. 541, 542.)

Error to the Court of Civil Appeals for the First District, in an appeal from Smith County.

Pope sued the railway company and had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*E. B. Perkins* and *Marsh & McIlwaine,* for plaintiff in error.—The evidence showing that the rule of appellant introduced in evidence by appellee in respect of the cars being coupled when left standing ·on grade was intended to prevent the cars running out of the switch into the main line, and not for the protection of the employes while working

with the cars, it was error for the court to submit, as a ground of negligence, the failure of appellant to have the cars coupled when appellee was injured. Texas S. V. & N. W. Ry. Co. v. Peden, 32 Texas Civ. App., 315.

The mere fact that the string of cars was suddenly stopped by the engineer would not show negligence on appellant's part, it having been the duty of appellant to exercise only ordinary care and diligence to avoid injury to appellee. There being no other evidence, it was error for the court to submit as a ground of negligence the act of the engineer in stopping the train.

*Johnson & Edwards,* for defendant in error.—The evidence authorized and required the submission to the jury of the issue of the engineer's negligence in suddenly and instantly stopping the cars. There was evidence that the train of cars, moving five or six miles an hour, was suddenly and instantly brought to a stop by the engineer; that this was accomplished by a full and instantaneous application of the air-brakes, without warning to Pope, who was on top of the cars and walking over them as his duty required, and without signal from him whose duty it was to give the signal to stop; that it was this sudden stopping of the cars coupled to the engine which caused the other cars to separate from them suddenly and Pope to be thrown from the car into the opening thus produced; that there was no emergency or other occasion for such sudden and instantaneous stopping of the cars; that the train could have been gradually and slowly stopped, and there was no reason for not doing so. Plaintiff in error offered no explanation or excuse for such handling of the cars; it did not offer the testimony of the engineer or of the other brakeman who is shown to have been standing by the train at the time, nor did it account for the failure to produce their version of the occurrence. Pope was in his proper place and in the discharge of his duty; it was necessary and usual for the rear brakeman to be on top of the cars and to pass over them to the rear of the train when they were being so operated, and the engineer must have known his position and the danger to him from the instantaneous stopping of the cars. The evidence presents the case of an engineer who is backing a train of cars about six miles an hour, and over the tops of which he knows a brakeman is walking in the night, instantly stopping the cars by an emergency application of the air-brakes, when in fact no emergency or other occasion for a sudden stop existed, when the cars could have been stopped gradually and there was no reason for not doing so; and this act of the engineer was, under the evidence, reckless and negligent. At least the evidence raised the issue whether this conduct of the engineer was the exercise of ordinary care. McCray v. Railway Co., 89 Texas, 168; Gulf C. & S. F. Ry. Co. v. Wood, 63 S. W. Rep., 164; Howser v. Railway Co., 30 Atl. Rep., 907.

Plaintiff in error introduced evidence to meet that introduced by defendant in error on the issue of the engineer's negligence in instantly

stopping the train; it did not request that this issue be withdrawn from the jury; it did not except to the submission of the issue, but requested charges upon the same, and by its conduct invited the submission of the issue and waived any objection thereto; and it can not now be heard to complain that the issue was submitted. International & G. N. Ry. Co. v. Sein, 89 Texas, 63;; Houston & T. C. Ry. Co. v. Trammell, 68 S. W. Rep., 716; Texas & P. Ry. Co. v. Smith, 41 S. W. Rep., 80; International & G. N. Ry. Co. v. Sein, 11 Texas Civ. App., 386; St. Louis & S. F. Ry. Co. v. Dodd, 27 S. W. Rep., 227.

An act is the proximate cause of an injury if it be a cause sine qua non; it need not be the efficient cause. The causal relation between the act of leaving the cars uncoupled, standing together as if coupled, the lever of the car being so adjusted that the cars would not couple, and the injury is manifest; but for the cars being left uncoupled they would not have separated as they did, and Pope would not have been thrown into the opening thus produced, and injured. That another agency, the sudden stopping of the train, may have operated or concurred with the leaving of the cars uncoupled, or that both concurring causes may have been necessary to produce the injury, does not render the leaving of the cars uncoupled any less the proximate cause of the injury. This would be true if the other concurring cause were an act for which the company was not responsible; a fortiori it must be true where, as in this case, the company is responsible for both concurring causes. Eads v. Marshall, 29 S. W. Rep., 171; Galveston H. & S. A. Ry. Co. v. Lynch, 22 Texas Civ. App., 338; Gulf C. & S. F. Ry. Co. v. Wood, 63 S. W. Rep., 164; International & G. N. Ry. Co. v. Sipole, 29 S. W. Rep., 686; City of Galveston v. Posnainsky, 62 Texas, 131; Galveston H. & S. A. Ry. Co. v. Sweeney, 14 Texas Civ. App., 221; Mexican Nat. Ry. Co. v. Musette, 86 Texas, 708; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 476; City of San Antonio v. Porter, 24 Texas Civ. App., 449; Union P. Ry. Co. v. Callaghan, 56 Fed. Rep., 991; Pawnee Coal Co. v. Royce, 79 Ill. App., 469; Baker v. Railway Co., 83 Minn., 184; Wallin v. Railway Co., 83 Minn., 149; Doyle v. Railway Co., 77 Iowa, 607; Western & A. Ry. Co. v. Bailey, 105 Ga., 100.

The particular injury need not be foreseen, nor that it would happen in any particular way. Pawnee Coal Co. v. Royce, 79 Ill. App., 469; Baker v. Railway Co., 83 Minn., 184; Wallin v. Railway Co., 83 Minn., 149; Doyle v. Railway Co., 77 Iowa, 607; Western & A. Ry. Co. v. Bailey, 105 Ga., 100.

Unless the charge be an affirmative misstatement of the law, it will not avail plaintiff in error to reverse the judgment, in the absence of requested instructions. Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Texas & P. Ry. Co. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; International & G. N. Ry. Co. v. Nicholson, 61 Texas, 550, 553; Moore v. Graham, 69 S. W. Rep., 200, 203; Ellis v. Kirkpatrick, 74 S. W. Rep., 57, 58; Waco A. Water Co. v. Cauble, 47

S. W. Rep., 538, 542; Bell v. Beazley. 18 Texas Civ. App., 643; Jackson v. Martin, 41 S. W. Rep., 837, 839.

If it was not reasonably safe (if it was generally unsafe) to leave the cars on the switch uncoupled, though apparently coupled, and if to so leave the cars was negligence, and if this negligence was the direct and proximate cause of plaintiff's injury, and if he did not assume the risk and was not himself negligent, he is entitled to recover. El Paso & N. E. Ry. Co. v. McComas, 81 S. W. Rep., 760-762; Gulf C. & S. F. Ry. Co. v. Marchand, 24 Texas Civ. App., 55; Jackson v. Railway Co., 90 Texas, 372; City of San Antonio v. Porter, 24 Texas Civ. App., 449; Galveston H. & S. A. Ry. Co. v. Sweeney, 14 Texas Civ. App., 221; Gulf, C. & S. F. Ry. Co. v. Wood, 63 S. W. Rep., 164, 166; Texas & P. Ry. Co. v. Carlin, 111 Fed. Rep., 777; Pawnee Coal Co. v. Royce, 79 Ill., 469; Baker v. Railway Co., 83 Minn., 184; Wallin v. Railway Co., 83 Minn., 149; Doyle v. Railway Co., 77 Iowa, 607; Western & A. Ry. Co. v. Bailey, 105 Ga., 100.

The evidence adduced upon the trial raised the issue of apprehensible and probable danger to plaintiff and persons doing the work in which he was engaged when injured, and required its submission to the jury. International & G. N. Ry. Co. v. Gray, 65 Texas, 32; Texas & P. Ry. Co. v. Short, 58 S. W. Rep., 56; Boyd v. Cross, 47 S. W. Rep., 478.

BROWN, Associate Justice.—James Pope sued the St. Louis Southwestern Railway Company of Texas to recover damages for personal injuries sustained by him alleged to be due to the negligence of the company. A trial by jury resulted in a verdict and judgment for plaintiff and defendant has appealed.

The facts are as follows: Plaintiff on the occasion in question was an experienced brakeman in the service of defendant and was familiar with its line, sidings, rules and customs. At a station on appellant's line called Mount Pleasant there were five side tracks called storage tracks. These were not used for the placing of cars for loading or unloading, but were designed and used for the storing of cars by incoming trains to be incorporated in subsequent outgoing trains.

There was in force at the time in question the following rule which had been promulgated by the company:

"Conductors must see that brakes are set on cars they leave on sidings, and when the siding is on a grade, they must, when practicable, couple all the cars together; and in addition to setting the brakes the wheels must be blocked and safety switches properly adjusted. When not in use safety switches must be left open. In switching, trainmen must know that brakes are in good order before cutting off cars."

As to whether it applied to the sidings at Mount Pleasant the evidence is conflicting, but is ample to sustain the finding not only that the sidings at that point were upon such a grade as came within the purview of the rule, but that they had been so regarded by the company and its employes.

At sidings not on a grade or where it was necessary to place or "spot" cars for the convenience of those whose duty it was to load and unload them the rule did not apply.

At the date of the accident plaintiff came in on a freight train containing twenty-eight cars. When they reached Mount Pleasant it became necessary to back in on one of the storage tracks to store some cars. In doing this it was proper to back the train against a string of cars already on the siding and push them toward the opposite end of the siding. Plaintiff occupied the position of rear brakeman on the train and it was his duty to remain at the rear end of the train; to see that the coupling was made when the train touched the standing cars; to mount the standing cars, walk on top of them to the rear end of them (that is to say, the end farthest from the engine), to see that the brakes were set and to signal the engineer when they had been pushed far enough. It was the duty of the middle brakeman to signal the engineer to back up in pushing the cars in and to transmit to him the signal of plaintiff, when the cars had been pushed far enough. When the train in question entered the siding plaintiff occupied a position at its rear. When it came in contact with the standing cars he coupled the train to the nearest car and the engineer proceded to push them in the same direction. Plaintiff immediately climbed upon the nearest standing car, and, assuming them all to be coupled together as they appeared to be, proceeded to walk to the rear in the discharge of his duty. When he reached the opening or space between the second and third car from the end the engineer suddenly stopped the engine, causing the last two cars which were not coupled to the others to separate from the train and continue their motion. The train was stopped and the separation occurred on the instant that plaintiff was about to step from the third to the second car to the last, and he fell through the space thus made to the ground, injuring him as alleged. As the part of the train attached to the engine was stopped instantly it did not run over plaintiff, his injuries being due entirely to his fall.

There is evidence to support the finding that the train was moving at the rate of four to six miles an hour, and that without warning and without slowing down it was instantly brought to a standstill. This was not done at the signal of plaintiff but in response to a signal of the middle brakeman.

The coupling apparatus on all the cars was automatic and in good condition, but the lever on the coupling where the separation occurred was left fastened up so that it could not be coupled by mere contact. The cars on the siding to which plaintiff coupled the train were all standing close together as if coupled to each other and were in fact all coupled except where the separation occurred. There were other cars on the siding standing apart from these in question and not coupled to them, but they were some distance away and did not have the appearance of being coupled.

The main purpose of the rule requiring them to be coupled when left

on grade sidings was to make sure they would not by any chance roll out on the main track and wreck passing trains, the idea being that cars with defective brakes would thus be held by the brakes on the other cars.

Plaintiff knew that on one or two occasions other brakemen had failed to observe the rule at points where the conditions required its observance, but he and others testified that it was generally observed and these negligent lapses were the exception.

A fair interpretation of the rule required cars apparently in contact with each other to be coupled though there might be an open space between two sets of cars on the same siding.

As to whether the rule was as often breached as observed, and as to whether the rule if in force was applicable to this particular siding, the evidence was in sharp conflict. We think the record supports the conclusion that the rule was in force, was applicable to the siding in question, was generally observed, that plaintiff did not assume the risk of the negligent violation of the rule by other employes, and was not guilty of contribution negligence in acting upon the assumption that the cars were coupled as they appeared to be and could be safely crossed.

The employes of the company were negligent in leaving the cars uncoupled when thus apparently coupled, and the engineer was negligent in suddenly and violently stopping the train.

The accident would not have happened but for the sudden stopping of the train and would not have resulted from that cause but for the uncoupled cars. Plaintiff's injuries were the result of the two causes combined.

The plaintiff in error challenges the correctness of the following paragraph of the charge given by the court to the jury: "If you find from a preponderance of the evidence that it was not reasonably safe to leave cars standing together uncoupled on the side track in Mount Pleasant in question, then if you further find that the car from which plaintiff fell was uncoupled with, although standing together with the car immediately south of same, then if you further find that an ordinarily prudent person would not have left the cars uncoupled under similar circumstances, then if you further find that plaintiff, while exercising ordinary care, was injured as the direct result of said cars being left uncoupled, then you will find for plaintiff unless you find plaintiff assumed the risk of same being uncoupled, as explained under the eighth division of this charge, or was guilty of contributory negligence as explained in subdivision 8a of this charge." This charge submits as distinct and separate ground of recovery the fact that the string of cars upon the side track at Mount Pleasant were left uncoupled. To determine the correctness of the charge we must consider it as if that were the only ground upon which the plaintiff sought to recover. To sustain the verdict of the jury upon the claim that the condition of the cars in being uncoupled was "not reasonably safe," the evidence must show that such condition rendered it unsafe for the plaintiff to do the work in which he was engaged when injured, and that the danger was so

apparent that "an ordinarily prudent person," having in view the safety of the plaintiff, or others engaged in like work, would have anticipated and provided against the danger by causing the cars to be coupled together. If the evidence was sufficient to justify the submission of that issue, of which we express no opinion, the charge as given does not submit it to the jury. The issue presented by the charge is that if the condition of the cars was not "reasonably safe," whether the danger was to the plaintiff or to some one else, and that the plaintiff was injured by reason of that condition of the cars, then he had a right to recover. The evidence showed that there was a rule of the company which required that cars left standing upon a grade track should be coupled and blocked, and that cars left upon the grade track at Mount Pleasant uncoupled and without blocking were liable to run out upon the main track, which would be unsafe both for the cars and for persons engaged in operating trains upon the main line. Indeed there might be many phases of unsafety consequent upon that condition, and persons engaged about the yards might be endangered by the fact that the cars were liable to run out unexpectedly. It is apparent from the charge, taken in connection with the evidence, that the jury might have concluded that the condition of the cars was unsafe as to others than the plaintiff, and yet, under the terms of the charge, they could have found their verdict against the defendant. It was not necessary that the railroad company should have been able to anticipate that the plaintiff would be injured, or that any person would be injured under exactly the same conditions that the plaintiff was, but in order to render it liable the danger of injury to some person engaged in the performance of like service as the plaintiff was then engaged in should have been so manifest that the law would require the company to anticipate and provide against the injury, otherwise there can be no negligence on its part as to the plaintiff in this case. Negligence can not exist unless there is a duty to the person injured, and no duty to the plaintiff rested upon the railroad company unless the conditions were such that a prudent person would have anticipated and guarded against the occurrence which caused his injuries. 1 Shearm. & Redf. on Neg., sec. 8; Sawyer v. Railway Co., 38 Minn., 105. If all the facts grouped in the charge be true, they do not show that the railroad company owed to plaintiff the duty of coupling the cars on the side track, therefore would not support the verdict. The court erred in submitting the issue to the jury in the form in which the charge presented it.

We granted that writ of error in this case because we were of the opinion that there was no evidence of negligence by the engineer, but upon further consideration we have concluded that there was evidence which required that the court should submit that issue to the jury. As the case will be remanded for another trial, we think it proper to say that in our opinion the tenth paragraph of the court's charge unnecessarily connects the act of the engineer in stopping the engine with the fact that the cars were uncoupled. In the absence of evidence that

the engineer knew that the cars were not coupled, under the evidence in the record the same liability would attach to the act of the engineer in negligently stopping the engine whether the cars on the side track were coupled or not. If the manner of stopping the engine would not have been negligence in case the cars were coupled, then it would not be made so by the existence of a condition not known to the engineer. We are of the opinion that while the charge might not require a reversal of the judgment, it was calculated to confuse the jury in the consideration of the issue submitted.

The trial court erred in giving the charge hereinbefore copied and the Court of Civil Appeals erred in affirming the judgment of the court below, for which errors the judgments of the said courts are reversed and the cause remanded.

*Reversed and remanded.*