## PATTERSON v. GULF, C. & S. F. RY. CO.
### No. 13041.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 2, 1934.

Rehearing Denied Dec. 14, 1934.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellant.

Terry, Cavin & Mills, of Galveston, and Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Trinity Portland Cement Company is engaged in manufacturing cement to be sold on the market. Its manufacturing plant is located near the main line of the Gulf, Colorado & Santa Fé Railway Company. To facilitate loading and shipping its products, the cement company, at its own expense, constructed and now owns a loading track extending from the railway track to its plant, on which empty railway cars are delivered by the railway company and are then moved by the cement company down the loading track to its plant. After they are loaded the railway company takes charge and moves them over to its line for destinations designated by the cement company. The switch track is on a slightly descending grade from the railway track to the manufacturing plant. At the request of the cement company a switching crew of the railway company placed four empty box cars on the loading track to be loaded with cement for shipping. R. L. Patterson, an employee of the cement company, undertook to bring down to the plant two of the box cars nearest thereto and south of defendant's track. For that purpose he un-

coupled those cars from the other two, then climbed on top of them and released the brakes that had been set to keep them from drifting down the loading track by gravity. When he released the brakes the two cars of their own momentum started drifting as intended, with Patterson riding atop of them. As he neared the place for spotting them he slowed down their movement by setting the brakes, and while so doing the other two cars which had followed down the loading track of their own momentum, after the other two had been uncoupled from them, collided with the two cars on which Patterson was riding. As a result of that collision he was thrown between the moving cars and seriously injured.

Patterson instituted this suit against the railway company to recover damages for the injuries so sustained, and he has prosecuted this appeal from a judgment denying him any relief.

The evidence showed that the car from which the two cars Patterson was riding had been uncoupled had a defective brake chain, by reason of which the brake on that car could not be set, and that the brake on the rear car to which it was attached had not been set. The absence of a brake set on at least one of those two cars accounted for their movement by gravitation down the loading track to the place of collision.

In his petition plaintiff alleged that it was defendant's rule and custom, well known to all its employees and the employees of the cement company, to set brakes on all cars left on the loading track; that he undertook the movement of the two cars he was handling without examining to ascertain whether or not brakes had been set on the two left behind, relying on defendant's compliance with that custom, and that defendant was guilty of negligence which was the proximate cause of his injury in failing to set the brakes on those other two cars.

In addition to a general denial, defendant pleaded specially that it placed the four cars on the loading track of the cement company at the place designated by that company; that the loading track was owned and controlled exclusively by the cement company; that defendant had no control whatever of the movement of the cars after they were so placed; that plaintiff was not defendant's servant, but an employee of the cement company who alone controlled and directed his movements; that the cars were placed on the loading track in a safe condition for han-

dling and plaintiff's injury was chargeable to some agency intervening between such placing and the collision in question and for which defendant was not responsible; and that plaintiff was guilty of contributory negligence in failing to examine the brakes on the two north cars of the string and in failing to set the brakes thereon, before starting the two cars on which he was riding when injured.

Following are special issues submitted to the jury with findings thereon:

"1. Was it the general custom, rule and practice of the employees of the defendant Railway Company to set and securely fasten the brakes upon each box car when it spotted cars on the Trinity Portland Cement Company's hillside track?

"Answer: No.

"2. If you have answered question No. 1 'no' you need not answer this question, but if you have answered same 'yes,' then answer the following question:

"Did the employees of the defendant, who spotted the box cars on the cement company's hillside track on the afternoon of June 16, 1928, set and securely fasten all of the brakes on all of the cars spotted at said time?

"Answer: ———.

"3. If you have answered question No. 2 yes, you need not answer this question, but if you have answered the same No, then answer:

"Was the failure, if any you have found on the part of defendant's employees to set and securely fasten the brakes on all of the cars spotted by the defendant's employees on the afternoon of June 16th, 1928, on the cement company's. hillside track, negligence as that term has been defined to you by the court?

"Answer: Yes.

"4. If you have answered question No. 3 No, you need not answer this question, but if you have answered same Yes, then answer:

"Was such negligence, if any you have found in your answer to question No. 3, a proximate cause, as that term has been defined to you, of the accident in question?

"Answer: Yes.

"5. Was the brake chain broken on the car which was the third car from the south end of the string of cars that was spotted by the defendant's employees on the cement company's hillside track on the afternoon of June 16, 1928, at the time the string of cars was left on said hillside track?

"Answer: Yes.

"6. If you have answered question No. 5 No, you need not answer the next question, but if you have answered same Yes, then answer:

"In the exercise of ordinary care, as that term has been defined to you by the court, ought the defendant employees, in charge of spotting said string of cars, to have discovered the broken chain (if any you have found was broken in answer to question No. 5 submitted to you)?

"Answer: No. * * *

"8. Was the failure on the part of plaintiff Patterson to inspect the brakes on the cars north of the car or cars, which he moved just prior to the accident, contributory negligence as that term has been defined to you by the court?

"Answer: No.

"9. Was the failure upon the part of plaintiff Patterson to set the brakes on the car immediately north of the car, or cars, which he moved just prior to the accident, contributory negligence as. that term has been defined to you by the court?

"Answer: ———."

In answer to another issue the jury assessed plaintiff's damages at $40,000 as the result of his injuries.

■ When those findings were made, the jury returned into court and stated that it was impossible for them to agree on a finding to issue No. 9. The court then polled the jury and in response thereto each one replied that he had agreed on the findings made up to that time. The court then discharged the jury without requiring them to make a further effort to agree on an answer to issue No. 9 and without requiring their signature to the findings already made. ,

We may say at the outset that we do not believe that the verdict was vitiated by the failure of the foreman to sign it. Aycock v. Paraffine Oil Co. (Tex. Civ. App.) 210 S. W. 851; Laybourn v. Bray & Shifflet (Tex. Civ. App.) 214 S. W. 630.

■ Nor is appellant in any position to complain of the absence of a finding by the jury in answer to issue No. 9 since that question presented a defensive issue and not one. on which plaintiff relied for recovery.

■ Appellee insists that the answer of the jury to special issue No. 3 was voluntary and should not be given effect in any event, since the jury had not answered issue No. 2 and since they were instructed by the court that they need not answer issue No. 3 unless they

had answered issue No. 2 in the negative. In support of this contention, appellee has cited Speer .on the Law of Special Issues, § 44, p. 573; American Citizens' Labor & Protective Inst. v. Bandy (Tex. Civ. App.) 2 S.W.(2d) 977.

We do not concur in this contention, especially in view of the fact that the trial court did not instruct the jury not to answer issue No. 3 in the event stated, but his instruction was that "you need not answer issue No. 3." Furthermore, the answer to No. 3 implied a negative finding to No. 2.

■ ■ Nor do we believe, as insisted by appellee, that there was no basis in plaintiff's pleadings for a recovery except upon proof of the alleged custom of defendant to set .brakes on all cars placed on the loading track of the cement company. While it is true that plaintiff did allege such custom, and that he relied thereon and was induced thereby to fail to inspect the two rear cars to see whether or not the brakes were set on those as well as the ones he undertook to move, and that failure of defendant to comply with that custom was negligence, yet there was a further allegation in general terms to the effect that the defendant was guilty of negligence in failing to set the brakes on each and all of those cars, which was the proximate cause of plaintiff's injuries. Plaintiff was entitled to an affirmative submission of any theory of negligence presented by the pleadings and supported by evidence. Safety First Bus Co. v. Skibinski (Tex. Civ. App.) 36 S.W.(2d) 288; Rogers v. Cotton (Tex. Civ. App.) 42 S.W.(2d) 173, and decisions there cited; Dallas Ry. & Terminal Co. v. Garrison (Tex. Com. App.) 45 S.W.(2d) 183.

The principal question presented here is whether or not the defendant violated any duty legally owing to plaintiff which established a right of recovery of the damages sought.

■ ■ It is a rule of universal application that a cause of action for negligence does not arise except for a breach of duty owing by the defendant to the plaintiff. This suit does not involve the rules applicable to the relation of master and servant where the master owes to the servant the duty to furnish him a safe place to work, safe tools with which to work, and to warn him of dangers of which he is excusably ignorant. The defendant had no control over the movement of the cars after they were set out on the loading switch. As found by the jury, it was not the defendant's .employees' general custom, rule, and practice to set and securely fasten the brakes on each box car when it was set out on the

.cement company's hillside track, and several of defendant's switching crews testified without contradiction that a brake set on even one or possibly two cars left on that loading track was sufficient to keep any of them from moving down the track until the brake was released. The facts of this case demonstrate beyond doubt that that testimony was true, since, according to evidence offered by .the plaintiff, all four cars were standing on the track when he went to move them and that the brakes were set on only two. While one of the cars left behind had a broken brake chain, yet the jury found that defendant was guilty of no negligence in failing to discover that condition. Furthermore, plaintiff had not attempted to move that car, and notwithstanding its broken brake chain it had been held in position by the brakes on the two cars which plaintiff attempted to move. The broken brake chain had no more to do with the drifting of the two rear cars than did the failure to set the brakes on the last of those two cars with no defects in its brakes.

■ It cannot be said that defendant owed the plaintiff the legal duty to do more than was done when the four cars were set out on the track. To hold otherwise would be to impose upon the defendant some of the duties owing by a master to a servant, a relation which did not exist. Furthermore, in view of the unchallenged finding by the jury that it was not the custom or rule of defendant company to set the brakes on all the cars placed on the loading track in connection with the other facts and circumstances in evidence, it cannot be said that the defendant should have anticipated that the plaintiff probably might attempt to move the car in the manner and under the circumstances detailed by him; and a finding that it should have done so was a necessary element of plaintiff's suit.

We quote the following from 30 Tex. Jur. § 3, p. 649: "It is an elementary principle of the law that negligence is a failure to observe a legal duty. The authorities announce the rule that to constitute negligence at all there must be some violation of duty and the duty required is that of the wrongdoer to the very person claiming on the ground of negligence."

See, also, 20 R. C. L. § 40, p. 45.

We quote the following from 45 Corpus Juris, § 16, p. 639: "There can be no actionable negligence in the absence of some duty which has been neglected or violated, and hence in order that a person may have a cause of action on account of an injury to person or property resulting from negligence, it is necessary that the act or omission complained of

should have involved some breach of duty owed to him or to the person whom he represents by the person of whose negligence he complains."

That announcement is supported by a vast number of decisions over the country, including many decisions of our own courts, one of which is Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S. W. 540, 541, 45 L. R. A. (N. S.) 303, where this is said: "In all such cases the relationship between the parties determines the measure of the duty, and this question must be resolved by ascertaining the relation that existed between Patton and the Light Company at the time of the injury."

See, also, 14 R. C. L. § 42, p. 107; Sauls v. C., R. I. & T. R. Co., 36 Tex. Civ. App. 155, 81 S. W. 89 (writ refused); Lancaster v. Hall (Tex. Civ. App.) 277 S. W. 776; St. Louis S. W. R. Co. v. Pope, 98 Tex. 535, 86 S. W. 5; City of Wichita Falls v. Swartz (Tex. Civ. App.) 57 S.W.(2d) 236.

Appellant has cited the case of Strayer v. Quincy, O. & K. C. R. Co., 170 Mo. App. 514, 156 S. W. 732, by the Court of Appeals of Missouri, in which the following is said, quoting from the headnotes: "A railroad company which was accustomed to placing cars on the siding of a coal company which it knew were let down by the coal company's employees by gravity for loading was bound to exercise reasonable care to furnish reasonably safe cars, and was liable to the coal company's employees injured in dropping the cars by the railroad company's negligence in failing to furnish such cars."

Also the case of Franklin's Adm'r v. Louisville & N. Ry. Co., 155 Ky. 594, 160 S. W. 162, and the following is quoted from the headnotes of that opinion: "Where a railroad company which furnished cars to a coal company knew that they were to be let down an inclined switch as needed, it is liable for injuries to a servant of the coal company, occasioned by a defective brake on a car so supplied, where the servants of the coal company manipulating the car could not have discovered the defect so as to avoid the accident; the railroad company, having impliedly invited such servants to use its appliances, is bound to use ordinary care to protect them."

■ Those cases are plainly distinguishable from the present suit in the following particulars: The negligence alleged here was in failing to set the brakes on each and all of the cars and not in the furnishing of defective cars. While there was a pleading and evidence to show that the brake chain on one of the two rear cars was broken, yet the jury found that the defendant's employees could not have discovered that defect by the exercise of ordinary care.

■ ■ As a ground for his motion for new trial, plaintiff attacks the verdict on the ground that the jury had been guilty of misconduct. Attached to the motion was an affidavit signed by three of the jurors, to the effect that if the court had not discharged the jury when he did, it was quite likely that they would have gone over and again considered the answers already written out and might have changed them; and, further, that they discussed among themselves the effect the findings so made, and which were returned into court, would have upon the judgment to be rendered, whether in plaintiff's favor or in defendant's favor. The trial court refused to hear testimony to support those allegations, and in that ruling we believe there was no error. The proposed testimony did not go so far as to show that the findings were so made as to support or defeat a recovery. At best, such testimony would only reflect mental processes or calculations of the jurors in arriving at their verdict, which would be incompetent to impeach their verdict, under the well-settled rule of decisions of this state. Bradley v. T. & P. R. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517; Parker v. Miller (Tex. Civ. App.) 258 S. W. 602.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court is affirmed.