IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00010-CV

 

Rebecca B. Watson,

                                                                      Appellant

 v.

 

Michael Haskins Photography, Inc.,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 68,288

 



MEMORANDUM  Opinion










 

      Watson and Michael Haskins Photography
owned buildings sharing a common wall.  Watson’s roof collapsed.  The common
wall was damaged.  The trial court awarded Michael Haskins $67,000 for damages
to the wall and entered a permanent injunction against Watson.  Watson
appeals.  We modify the judgment and affirm it as modified.

      Injunction.  In Watson’s
fifth issue, she contends that the evidence supporting the injunction was
legally and factually insufficient, and that the injunction was overbroad.  The
injunction permanently enjoined Watson from, among other things, “[s]elling,
transferring or otherwise encumbering the property.”  “[A] decree of injunction
[should not] be so broad as to enjoin a defendant from activities which are a
lawful and proper exercise of his rights.”  Holubec v. Brandenberger, 111
S.W.3d 32, 39-40 (Tex. 2003); accord Schneider Nat’l Carriers, Inc. v.
Bates, 147 S.W.3d 264, 271 n.16 (Tex. 2004).  Michael Haskins points only
to evidence of Watson’s failure to make repairs as ordered in the trial court’s
temporary injunction.  There was no evidence supporting the permanent
injunction against selling the property.  We sustain Watson’s fifth issue.  

      Duty.  In Watson’s first
issue, she contends that the trial court erred in holding that Watson had a
duty to avoid damage to the common wall.  The trial court held that “Watson’s
negligent conduct proximately caused damages to” Michael Haskins.  “The
elements of a negligence cause of action are the existence of a legal duty, a
breach of that duty, and damages proximately caused by the breach.”  HIS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  “A duty of care arises when conditions are such that a ‘prudent person would
have anticipated and guarded against the occurrence which caused’ another’s
injury.”  Alm v. Aluminum Co., 717 S.W.2d 588, 590 (Tex. 1986) (quoting St.
Louis S.W. Ry. Co. v. Pope, 98 Tex. 535, 541, 86 S.W. 5, 7 (1905)). 
Watson’s duty was “to act as a reasonable prudent person would act under the
same or similar circumstances regarding any reasonably foreseeable risk.”  See
Colvin v. Red Steel Co., 682 S.W.2d 243, 245 (Tex. 1984).  Watson cites
distinguishable cases on the duty to maintain natural lateral support.  See
Carrion v. Singley, 614 S.W.2d 916 (Tex. Civ. App.—Waco 1981, writ ref’d
n.r.e.).  Michael Haskins points to one’s general duty not “to make an
unreasonable use of his premises to the material injury of his neighbors’
premises.”  See Hoover v. Horton, 209 S.W.2d 646, 649 (Tex. Civ.
App.—Amarillo 1948, no writ).  The trial court did not err in holding that
Watson breached a duty to Michael Haskins.  We overrule Watson’s first issue.

      Sufficiency of Evidence of Damages. 
In Watson’s second issue, she contends that the evidence that she
breached a duty to Michael Haskins was legally and factually insufficient.  We
overrule Watson’s second issue.

      Legal Sufficiency.  In reviewing
the legal sufficiency of the evidence, “[w]e review the evidence in the light
most favorable to the verdict, disregarding all contrary evidence that a
reasonable” factfinder “could have disbelieved.”  Ysleta Indep. Sch. Dist.
v. Monarrez, 48 Tex. Sup. Ct. J. 1014, 1014, 2005 Tex. LEXIS 603, at *2 (Tex. Aug. 26, 2005) (per curiam).  

“No
evidence” points must, and may only, be sustained when the record discloses one
of the following situations: (a) a complete absence of evidence of a vital
fact; (b) the court is barred by rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla;
(d) the evidence establishes conclusively the opposite of the vital fact.

City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005) (quoting Robert
W. Calvert, “No Evidence” & “Insufficient Evidence” Points of Error, 38
Tex. L.Rev. 361, 362-63 (1960)). 


      Michael Haskins points to evidence that
the parties were adjoining landowners.  The evidence was legally sufficient.

      Factual Sufficiency.  When
reviewing the factual sufficiency of the evidence, “the court of appeals must
consider and weigh all the evidence, and should set aside the verdict only if
it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.”  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986) (per
curiam).

      Watson points to Michael Haskins’s
testimony that he did not feel responsible for Watson’s damages to the wall. 
The evidence was factually sufficient.   

      Measure of Damages.  In
Watson’s third issue, she contends that the trial court used the wrong measure
of damages.  Watson argues that the trial court used the cost of building a new
exterior wall as the measure of damages, rather than the cost of repairing the
damaged wall, and thus erred.  “As a prerequisite to presenting a complaint for
appellate review, the record must show that . . . the complaint was
made to the trial court by a timely request, objection, or motion
. . . .”  Tex. R. App. P.
33.1(a); see In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003), cert.
denied sub nom. Duenas v. Montegut, 541 U.S. 1043 (2004).  Watson does not
suggest that she preserved her complaint.  We overrule Watson’s third issue.

      Admission of Evidence.  In
Watson’s fourth issue, she contends that the trial court erred in overruling
Watson’s objections to certain evidence.  We overrule Watson’s fourth issue.

      Bid.  First, Watson complains of
the admission of a bid for repair of the wall.  We assume without deciding that
Watson’s issue is adequately briefed.  See Tex. R. App. P. 38.1(h); Gen. Servs. Comm’n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 598 n.1 (Tex. 2001).  On appeal, Watson
contends that the exhibit constituted inadmissible hearsay and expert
evidence.  See Tex. R. Evid.
702, 801(d), 802.  Watson did not object on the basis of Rule 702 at trial, and
thus failed to preserve that complaint on appeal.  See Tex. R. App. P. 33.1(a); Campbell v.
State, 85 S.W.3d 176, 184-85 (Tex. 2002).  The trial court admitted the
exhibit conditionally.  See Tex.
R. Evid. 104(b).  “If the condition” on which evidence is admitted “is
not fulfilled by the close of the proponent’s case, the burden is on the
opposing party to renew his original objection by moving to strike the
evidence; otherwise the party waives any error resulting from the conditional
admission of the evidence.”  Owens-Corning Fiberglas Corp. v. Keeton, 922
S.W.2d 658, 661 (Tex. App.—Austin 1996, writ denied); see Tex. R. App. P. 33.1(a).  Watson does
not point to any renewal of her hearsay objection.  Watson waived her hearsay
objection.

      Leading.  Watson complains of the
following testimony by one of Michael Haskins’s witnesses on direct
examination:

      Q    . . . Is it your opinion
that if these repairs were accomplished, would it return the plaintiff’s
property to a usable condition?

      A    Yes.

      “Leading questions should not be used on
the direct examination of a witness except as may be necessary to develop the
testimony of the witness.”  Tex. R. Civ.
P. 611(c).  “A leading question is one which suggests the desired answer
or puts words into the witness’s mouth to be echoed back.”  Mega Child Care,
Inc. v. Tex. Dep’t of Prot. & Reg. Servs., 29 S.W.3d 303, 308 (Tex. App.—Houston [14th  Dist.] 2000, no pet.).  “The decision to permit a
leading question lies within the sound discretion of the trial court.”  Id.  Watson does not establish that the trial court abused its discretion.

      Bias and Cumulative Harm. 
In Watson’s sixth issue, she contends that the trial court was biased against
her, and that the trial court’s errors caused cumulative harm.  We overrule
Watson’s sixth issue.

      Bias.  Watson argues that the trial
judge was biased against her.  Watson points primarily to the trial court’s
finding, “Upon evaluation of the demeanor of the witnesses and assessing their
credibility, the Court specifically finds that Defendant Rebecca Watson was not
a credible witness and the weight of her testimony was adjusted accordingly.” 
Bias, like any other form of error, must be preserved in the trial court.  See
Tex. R. App. P. 33.1(a); Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  The appellant bears
the burden to “explain how any comments made by the trial judge were incurable
or would excuse” the appellant’s “failure to preserve error.”  Francis
at 241.  Watson does not point to an objection and does not explain her failure
to object.  Watson fails to preserve her complaint.

      Cumulative Harm.  “Multiple errors,
determined harmless when considered separately, may combine to produce an
effect that is harmful, requiring reversal.”  Haskett v. Butts, 83
S.W.3d 213, 221 (Tex. App.—Waco 2002, pet. denied).  We assume without deciding
that Watson’s issue is adequately briefed.  See Tex. R. App. P. 38.1(h); Little-Tex, 39 S.W.3d at 598
n.1.  “‘[C]umulative harm’ by definition requires more than one error.”  Haskett
at 221.   We have found only one error, namely in Watson’s fifth issue. 
Accordingly, there is no cumulative harm.

Conclusion

      Having sustained Watson’s
fifth issue, we modify the judgment to delete the injunction against
“[s]elling, transferring, or otherwise encumbering the property located at 116
S. Hwy. 77, Forreston, Texas.”  As so modified, we affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed
as modified

Opinion
delivered and filed November 23, 2005

[CV06]

  *  “(Justice Vance concurs with a note:  It is
hard to understand why this opinion, even though it is a memorandum opinion,
does not adequately provide either the basic facts necessary to understand why
the Appellant brought the issues or the reasons for rejecting them.  Although I
concur in the judgment, I cannot join this opinion.)”