## BARKER v. WEINGARTEN RIVER-SIDE CO., Inc.

### No. 4650.

Court of Civil Appeals of Texas. Beaumont.

March 31, 1950.

Rehearing Denied Sept. 21, 1950

Stephenson & Stephenson, Orange, for appellant. ·

Marcus & Weller, Beaumont, for Weingarten Riverside Co., Inc.

Orgain, Bell & Tucker, Beaumont, for George A. Hormel & Co. .

R. L. MURRAY, Justice.

Appellant Barker brought suit in the district court of Orange County against Weingarten Riverside Company, Inc., appellee, for damages for personal injuries alleged to have been suffered by his wife, Helen Barker, as a result of the consumption by Mrs. Barker of unwholesome meat purchased from the Weingarten Riverside Company, Inc. The appellee answered the suit and impleaded Geo. A. Hormel & Company, alleging that if the barbecued meat which it sold to the appellant was contaminated, that it was purchased from such third party and if any recovery was had against it, it prayed that it should have judgment over and against the third party defendant. The cause was tried to a jury and submitted on special issues. At the conclusion of the testimony both the appellee, Weingarten Riverside Company, Inc., and the third party, Geo. A. Hormel & Company, filed motions for instructed verdict, which motions were overruled. The jury was unable to agree upon answers to many of the issues submitted in the court's charge. The jury sent a written communication to the trial judge, stating that the members of the jury had answered certain special issues but that they could not agree upon answers to the remaining issues. After reading this written statement to the attorneys present, the court had the jury brought into the courtroom and thereupon inquired of the jury if they had agreed upon the answers made. The foreman and other members of the jury indicated to the court that they had agreed on the issues answered and could not agree on the remaining issues. The court received the verdict from the foreman and at that time before counsel for either of the parties had examined the verdict the judge discharged the jury. Then the answers of the jury to the special issues were then read to counsel. Counsel for appellee then stated to the court that he would file a motion for judgment on the verdict. Such motion was filed and a hearing was had on such motion, at which hearing the trial judge found as a fact and concluded as a matter of law that he did not declare a mistrial. The appellee Weingarten also filed a motion non obstante veredicto. The court rendered judgment on the verdict of the jury in favor of the appellee Weingarten and also in favor of the third party defendant as against the appellee Weingarten.

The appellant Barker has perfected his appeal from such judgment against him.

Briefly summarized, the evidence in the case shows that Mrs. Barker, wife of the appellant, bought some barbecued meat in the retail store of the appellee on June 10, 1946; that at the time she purchased the meat it was on top of the counter in a pan covered by wax paper; after buying the meat she took it to her home, which was a block and a half or two blocks from the

store, and she took the meat out and put it in a pressure cooker pan with a paper over it and put it in her refrigerator. She did not remove the meat from the refrigerator until noon the following day when she took the meat out of the refrigerator and put it in an oven to warm it for about 20 minutes. She took it out of the oven and placed it on the table to be eaten. It was there discovered by her, her husband and other members of the family while she was eating the meat that it contained maggots and some green substance. This made her sick for about three weeks. The meat was barbecued neck bones. At the store where it was cooked it was kept at a low temperature in the refrigerator and taken immediately from the refrigerator to the barbecuing ovens where it was cooked an hour or two before it was displayed for sale on the meat counter.

According to the answers made by the jury to the special issues upon which it did agree the following findings were made by the jury: (1) Mrs. Barker purchased barbecued meat from Weingarten Riverside Company, Inc., on June 10, 1946; (2) such meat was purchased for immediate consumption by Mrs. Barker for herself and members of her family; (3) such meat was contaminated at the time of such purchase; (4) such meat was not contaminated to such an extent as to be unfit for human consumption at the time of such purchase; (5) Mrs. Barker consumed a part of said barbecued meat on the following day; (17) the cooking of the meat by Weingarten Riverside Company, Inc., killed any germ or germs which was then in the meat; (18) the cooking of the meat by Weingarten Riverside Company, Inc., killed any maggots which were then in the meat; (20) the Weingarten Riverside Company, Inc., failed to keep the meat properly covered.

The jury did not agree upon and made no answer to special issues submitted in the court's charge which made inquiry as to; (8) whether Mrs. Barker sustained injury as a result of consuming a part of the barbecued meat; (9) whether the consumption of a part of the meat was the producing cause of injuries, if any; (10) whether Mrs. Barker kept the meat in the refrigerator from shortly after the purchase until noon the following day; (11) whether the failure, if any, of Mrs. Barker to keep the meat in the refrigerator caused it to become unfit for human consumption; (12) whether the meat became unfit for human consumption while in possession of appellant; (19) whether the meat did not contain maggots at the time of purchase from Weingarten Riverside Company, Inc.; (21) whether its failure to keep the meat properly covered, if any, caused the meat to become contaminated; (30) what amount of money would adequately reimburse appellant for injuries, if any, sustained by his wife.

As to the controversy between the appellee Weingarten and the third party Hormel, the following special issues were answered by the jury as indicated: (13) Weingarten did not purchase the meat from Hormel; (14) the meat purchased by Mrs. Barker was not a part of the meat purchased by Weingarten from Hormel; (15) maggots were not in the meat at the time it was delivered to Weingarten by Hormel; (16) no germ or germs were in the meat at the time of delivery by Hormel to Weingarten.

Other issues submitted in regard to the controversy between Weingarten and Hormel were not answered by the jury. We shall refer to appellee as Weingarten and third party defendant as Hormel.

By his first point the appellant complains of the action of the trial court in rendering judgment on the findings of the jury, because the jury before being discharged made known to the court that it was unable to answer all the issues submitted and that the jury was discharged before the verdict of the jury was accepted by the court. His second point is that the court was in error in rendering judgment for the appellee upon the findings of the jury in answer to certain of the special issues, for the reason that "such answers were not sufficient to preclude the appellant of the right of recovery had the remaining issues relating to his grounds of recovery been answered by the jury favorable to him." Appellant's third through thirteenth points all complain of the action of the court in rendering judgment upon the incomplete findings of the jury.

■ We consider first whether the trial court was authorized to consider the answers made by the jury and agreed upon by the jury as a verdict. The verdict in the case was not signed by the foreman or anybody else. The charge of the court contained a space for the answering of special issues in the charge itself immediately following each special issue, with a place for signing the verdict by the foreman at the end of the charge immediately following the trial judge's signature. The evidence beyond a doubt shows that the members of the jury were in complete agreement as to the answers which they had made and so stated to the court in the courtroom. It is apparent also from the testimony on the hearing upon the motion for judgment that the trial judge did not consider these answers to be a verdict at the time they were brought into the court. We believe that it is of no importance what the trial judge thought of such answers at that time, in view of the fact that in passing on the motion for judgment he concluded upon satisfactory evidence that such answers constituted a verdict and were so accepted by him at the time he entered his judgment in the case. If a verdict of a jury is informal or defective, the court is authorized to direct that it be reformed at the bar. If the verdict is not responsive to the issues submitted or contains conflicting findings, the trial court should call the jury's attention to such defects in writing and the jury should be retired for further deliberation. Rule 295, T.R.C.P. Rule 290, T.R.C.P., provides that a verdict is a written declaration by a jury of its decision, comprehending the whole or all the issues submitted, and shall be either a general or specific verdict as directed, which shall be signed by the foreman of the jury. Rule 293, T.R.C.P., provides that "when the jury agreed upon a verdict, they should be brought into court by the proper officer, and they shall deliver their verdict to the clerk; and if they state that they have agreed, the verdict shall be read aloud by the clerk. If in proper form, and no juror dissent therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court." Under the authority of Patterson v. Gulf

C. & S. F. R. Co., Tex.Civ.App., 77 S.W.2d 1073, we hold that it was not necessary that the verdict under examination be signed by the foreman. We also hold that under the circumstances the court was authorized to regard these answers of the jury as a verdict, provided, of course, that such answers in themselves were sufficient to require a judgment in favor of the defendant, appellee here.

■ We believe such answers were sufficient to require the judgment in favor of appellee. The appellee contends that when the jury answered special issues Nos. 4, 17 and 18 in its favor the court was required by such findings to render judgment accordingly, without regard to whether any other issues were answered by the jury or not or whether the jury had answered the remaining issues in the manner the appellant desired them to be answered. The substance of the jury's findings in answer to issues 3, 4, 17 and 18 is that the barbecued meat was contaminated at the time it was purchased by Mrs. Barker from Weingarten, but was not contaminated to such an extent as to be unfit for human consumption at that time; that the cooking of the meat by Weingarten killed any germ or germs then in the meat and killed any maggots which were then in the meat.

Under the rule announced by the Supreme Court in the cases of Jacob E. Decker & Son, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479 and Griggs Canning Company v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424, in the sale of food products for immediate human consumption there is an implied warranty that the food is wholesome and fit for the purpose for which it is sold. In the Decker case it is pointed out by the court that the seller of such food is not liable for defects in the food caused by contamination or deterioration which occur after the commodity has left the possession of the seller. In the instant case, the evidence established and the jury found that the cooking of the meat by Weingarten killed any and all germs or maggots which might have been in the meat. The jury found that the meat was contaminated at the time Mrs. Barker purchased it but was not contam-

696

inated to such an extent as to be unfit for human consumption. Since the cooking of the meat killed any germs or maggots which might have been in it, and since the meat left the possession of Weingarten within an hour or two after it was cooked, the meat was fit for human consumption at that time. The jury's finding that the meat was not unfit for human consumption at that time is also a finding that it was fit for human consumption at that time. The evidence is clear and convincing on this point, and amply supports such a finding. On the authority of the Decker and Griggs cases, supra, we hold that the appellee Weingarten had fulfilled its obligation to appellant Barker when it sold meat to his wife which was fit for human consumption at the time it was sold. It is well known that prepared foods, such as cooked meats deteriorate to some degree after preparation. The seller of such foods cannot be held responsible to the buyer when the buyer receives such food in an edible condition and does not attempt to consume it until it has become spoiled and unfit for human consumption. We conclude therefore that the trial court was correct in rendering judgment for appellee on the verdict.

■ The appellant also has in his brief a motion to retax the costs which were taxed against him in the judgment of the trial court. In his amended motion for new trial the appellant makes no mention of the action of the court taxing all costs against him in the trial court, and makes no complaint thereof in said motion. We believe that regardless of the merits of his contention, such a matter cannot be considered by us when it is presented for the first time on appeal and the motion for retaxing the costs in the trial court is overruled.

■ The appellant also has in his brief a motion to tax all costs in this appeal of the preparation and filing of a complete statement of facts against the appellee Weingarten. He says that he did not request the preparation and filing of the statement of facts, and that this was done by the appellee; that such statement of facts was not necessary or material on this appeal. From our discussion above of the questions presented on this appeal, it is seen that an examination by us of the evidence produced on the trial was necessary and material to the determination of this appeal. The motion of the appellant to tax the costs of the preparation and filing of a complete statement of facts against appellee Weingarten is therefore overruled.

■ The third party, Hormel, also has a motion to retax the costs, both in the trial court and in this court. In the trial court's judgment all of the costs were taxed against the appellant Barker. The third party defendant Hormel made no complaint of such judgment, did not file a motion for new trial, and we are of the same opinion as to Hormel's motion in regard to costs in the trial court as we are as to Barker's similar motion. Since it made no complaint of the taxing of costs in the trial court's judgment it will not be heard to complain of such action for the first time on appeal. As to the costs incurred by Hormel on this appeal, however, we are of a different opinion. Barker is the only person appealing from the judgment of the district court. He has never urged any cause of action against Hormel. Hormel was brought into the trial court solely on the application of Weingarten. Hormel is brought into this appeal only on application of Weingarten and its prayer that, in case the judgment in its favor against Barker in the trial court be reversed and remanded for a new trial, its cause of action against Hormel and Hormel's judgment in the trial court also be reversed and remanded for a new trial as to the controversy between Weingarten and Hormel. There is no occasion, therefore, for taxing the costs of Weingarten's proceedings against Hormel in this court against Barker and we do not do so.

The judgment of the district court is affirmed.

The costs of this appeal are taxed against the appellant Barker, except that Hormel shall recover its costs against Weingarten.