## AYCOCK et al. v. GRAHAM, District Judge, et al.

### No. 12451.

Court of Civil Appeals of Texas. San Antonio.

July 16, 1952.

Rehearing Denied Sept. 3, 1952.

Strasburger, Price, Kelton, Milles & Martin, Dallas, Carter, Stiernberg, Blanton & Skaggs, Harlingen, for relators.

Orrin Johnson, Harlingen, for respondents.

PER CURIAM.

This is a petiton for mandamus brought under the provisions of Article 1824, Vernon's Ann.Civ.Stats. The question involved is: Should the trial court render a final judgment for the defendants (relators here) upon the verdict of the jury?

Suit was brought by Eloise Chandler, a minor, acting through her guardian, W. D. Chandler, who was injured in an automobile collision. The defendants were Tom Aycock and L. C. Timmons, the owner and driver, respectively, of a truck which struck the automobile in which plaintiff was riding.

Defendants, Aycock and Timmons, asserted their privilege of being sued in Hidalgo County, where they resided. Plaintiff, by proper controverting plea, sought to hold venue in Cameron County, under exception 9 of Article 1995, Vernon's Ann. Civ.Stats., on the ground that a crime or trespass had been committed in the county where the suit was filed.

By agreement of the parties and with approval of the trial court, the venue question and the merits were tried to a jury

at the same time. A stipulation of this nature is enforcible and tantamount to a demand by both sides for a jury trial of the venue issues.

The plaintiff failed to obtain findings that a crime or a trespass had been committed in Cameron County and likewise failed to secure findings upon which a judgment on the merits in favor of the plaintiff could be predicated.

After the return of the verdict, the defendants announced that they waived their pleas of privilege and demanded that a judgment that plaintiff take nothing be rendered. The trial court refused to render such judgment and hence this application for mandamus.

The circumstance presented is anomalous but such situations are not unusual in Texas venue law. Defendants have successfully defeated plaintiff's case upon the merits, but it is asserted that they are to be deprived of the fruits of their victory because they were also successful in sustaining their plea of privilege.

 We think a reasonable construction should be given to that portion of Rule 87, Texas Rules of Civil Procedure, which provides that under specified conditions a jury trial of the venue question and the merits of a case may be had at the same time. Had the plaintiff succeeded in proving the commission of a crime or trespass and also succeeded in obtaining findings upon which a recovery of damages could be based, there is no doubt that a judgment upon the merits for the plaintiff could be properly rendered.[1] Under the rule which provides that the venue question and the merits may be tried together, the plaintiff may obtain a final judgment. Similarly, under such rule, when the defendant is successful upon both the venue issues and those submitted upon the merits, he should be entitled to a final judgment. A construction which would allow the plaintiff to win on the merits, but restrict a defendant's victory to a change of venue should not be adopted. If both the question of venue and the merits are tried together, and the defendant wins on both issues, he should be allowed to take a judgment on the merits. Otherwise, in a situation such as that before us, the provision that the question of venue and the merits may be tried at the same time would be rendered meaningless.

In numerous instances the issues raised by the plea of privilege, and the controverting affidavit are neither identical nor similar to those raised upon the merits by the petition and answer, and it should be borne in mind that the question before us is comparatively narrow, viz., when the venue question and the merits are tried to a jury together, and the defendant is successful upon both the venue question and the merits, is he entitled to a final judgment upon the merits? In our opinion this inquiry should be answered in the affirmative.

The district court will undoubtedly, upon receipt of this opinion, proceed to render judgment upon the merits for the defendants, hear motion for new trial, if such be filed, etc. If such indicated action be not taken, then mandamus will issue. Dallas Railway & Terminal Co. v. Watkins, 126 Tex. 116, 86 S.W.2d 1081.

Mandamus conditionally granted.

---

1. It is true, as hypothetically pointed out in respondents' answer, that a rather freakish situation may arise by reason of the nice distinction between active and passive negligence. A plaintiff may win on the merits and yet lose on the venue issues. We quote from the answer:

"If the jury here had found in addition to the damages and the failure to sound a horn that such failure was negligence and a proximate cause of the injuries, the legal consequences would have been that there was no trial on the merits for the reason that the sole negligence shown was passive and the trial court had no jurisdiction except to transfer the case. Barron v. James, 1946, 145 Tex. 283, 198 S.W.2d 256. Eloise Chandler, although she won the case, would have no judgment on the merits for her damages. The cause would now be on the docket of the District Court of Hidalgo County, instead of before this Court."

The example given by respondents is one wherein a party wins on one phase of the case (the merits) and loses on the other (venue). In this case, a party has won upon both the merits and the venue issues.