HOUSTON FIRE & CASUALTY INS. CO., Relator,

v.

Honorable Raymond GERHARDT et al., Respondents.

No. 12895.

Court of Civil Appeals of Texas.

San Antonio.

June 1, 1955.

Rehearing Denied July 6, 1955.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellant.

Putman & Putman, San Antonio, for appellee.

NORVELL, Justice.

This is an application for an original writ of mandamus ordering the Hon. Raymond Gerhardt to proceed to judgment in a certain cause No. F–83,472, styled Isabel Garcia et al. v. Houston Fire & Casualty Insurance Company, pending in the 45th District Court of Bexar County, Texas. It is the contention of the relator, who was the defendant below, that the jury impaneled in said cause returned a special issue verdict which is sufficient to support a judgment, and that the rendition of such judgment upon the verdict is a ministerial act which may be compelled by mandamus. Article 1824, Vernon's Ann.Tex.Stats.

It has been repeatedly held that the rendition of a judgment upon a general verdict, or upon special jury findings, is an act ministerial in nature. Lloyd v. Brinck, 35 Tex. 1; Houston & Texas Central R. Co. v. Strycharski, 92 Tex. 1, 37 S.W. 415; Friske v. Graham, Tex.Civ.App., 128 S.W. 2d 139; Aycock v. Graham, Tex.Civ.App., 250 S.W.2d 935; Collins v. Brown, Tex. Civ.App., 279 S.W.2d 627. However, the controlling question in the present proceedings is whether or not a lawful verdict was returned which could serve as the basis for a judgment.

Rules Nos. 290 to 295, inclusive, of the Texas Rules of Civil Procedure, relate to the verdict of the jury. Rule 290 defines a verdict as being "a written declaration by a jury of its decision, comprehending the whole or all the issues submitted to the jury, and shall be either a general or special verdict, as directed, which shall be signed by the foreman of the jury." Rule 293 relates to the return of the verdict into court when all the jurymen agree thereto. Rule 294 provides that, "either party shall have the right to have the jury polled." Rule 295 relates to an informal or defective verdict, while Rule 291 provides that, "No special form of verdict is required, and the judgment shall not be arrested or reversed for mere want of form therein if there has been substantial compliance with the requirements of the law in rendering a verdict. No verdict shall be rendered in any cause except upon the concurrence of all members of the jury trying the case."

In the present case, certain inquiries made of the jury by the court were not answered and the foreman did not sign the instrument or form provided for the jury's use in returning a verdict, as required by Rule 290. This instrument, which we will for convenience refer to as the "verdict form," was returned into open court on March 10, 1955. At that time it was not received as a verdict by the trial judge, nor was an opportunity afforded to poll the jury. It was evidently considered that the findings were incomplete and that no verdict had been reached. The jury was accordingly discharged. Five days later relator filed a motion for judgment upon the verdict. A hearing was had upon this motion and evidence adduced as to the facts and circumstances surrounding the return of the verdict form into court, and on

March 17th the trial judge overruled relator's motion for judgment upon the verdict. The order recited that "the respective parties appeared by and through their counsel and announced ready on said motion, and the court, after having read the motion and the affidavits attached thereto and the evidence offered in support thereof (sic.), and after having heard the argument of counsel for and against said motion is of the opinion that the defendant's motion for judgment in its favor should be denied and overruled."

■ The foreman of the jury did not sign the verdict form, as required by the Rules of Civil Procedure, so as to make it an official verdict. Rule 290, T.R.C.P. Such a failure constituted a non-compliance with the rules, which might be substantial or merely formal. We can not, from the face of the verdict form, classify this failure as a mere want of form. Insofar as it may be ascertained from an inspection of the instrument itself, the penciled answers contained therein may have been regarded as merely testative or as representing no more than a majority view. A verdict form reflecting answers to special issues but not signed by the foreman may or may not be a verdict, and presents a question which must be determined by the hearing of evidence. The principal authority relied upon by relator, namely, Barker v. Weingarten Riverside Co., Tex.Civ. App., 232 S.W.2d 692, holds that if a trial judge, after hearing evidence, decides to accept the incomplete form not signed by the foreman as a verdict and renders a final judgment thereon, such action may be sustained upon appeal if properly supported by evidence. However, when the trial judge, as in this case, after hearing the evidence, declines to accept the incomplete form as a verdict, such action can not be reviewed upon appeal because of the lack of a final appealable judgment. The case stands on the docket for another trial. The fact that the trial judge's order is not subject to appellate review can not operate to enlarge this Court's original jurisdiction to issue the writ of mandamus. This is true whether the trial court's order be considered erroneous or not. The writ of mandamus will not lie to control judicial or discretionary actions. First National Bank v. Chapman, Tex.Civ.App., 255 S.W. 807. As it appears in this case, the trial judge acted in a judicial rather than a ministerial capacity in passing upon the motion for judgment, this Court is without authority to disturb that action by way of mandamus. This is not a case wherein it appears without dispute that a lawful verdict has been returned and the only question involved is the sufficiency of the verdict upon its face to support a judgment.

The application for mandamus is denied.