Charles HEINRICH et ux., Appellants,

v.

**TEXAS BITULITHIC COMPANY,**
Appellee.

No. 7139.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1959.

Alvin Boyd, Dallas, for appellants.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

FANNING, Justice.

The above cause was submitted to a jury upon special issues. The jury deliberated more than a day and the following written message was sent to the trial court.

"We have come to the conclusions on all questions with the exception of (4–5–6) (16–17–18)—prospects are extremely dim, due to one juror. Have you any advice?
Richard B. Ferguson, Foreman."

The trial court replied with the following written message:

"In response to your last communication you are instructed to continue in your efforts to answer the issue in accordance with the instructions given in the charge.
Paine L. Bush, Judge."

Shortly thereafter the following written message was sent to the court:

"We *cannot* agree on the following issues (4–5–6) (16–17–18). We see absolutely no prospects of agreement! Richard B. Ferguson, Foreman."

Thereupon counsel for plaintiffs (appellants here) requested leave of the court to take a nonsuit and to dismiss the cause without prejudice, to which defendants objected.

The trial court granted plaintiffs' motion for nonsuit and discharged the jury (over the objections and exceptions of defendant) without inspecting the court's charge to determine whether the jury actually had reached a verdict. The trial court also did not ask the jurors in open court if they had agreed on a verdict, the jurors did not state in open court that they had agreed on a verdict, no verdict was read aloud by the clerk, and consequently no occasion arose whereby either party needed to request a poll of the jury. In short, the plaintiffs' motion for nonsuit was granted and the jury was discharged without the trial court's receiving and accepting any character of verdict from the jury. Thus no official verdict of the jury was received and accepted by the trial court under the provisions of Article 293, Texas Rules of Civil Procedure, which reads as follows:

"When the jury agree upon a verdict, they shall be brought into court by the proper officer, and they shall deliver their verdict to the clerk; and if they state that they have agreed, the verdict shall be read aloud by the clerk. If in proper form, and no juror dissent therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."

After the jury had been discharged the court and counsel for both sides inspected the charge and purported answers of the jury which had been left behind and which was not signed by the foreman of the jury. An examination of such purported answers of the jury revealed that affirmative answers to certain issues (if same constituted an official and lawful verdict of the jury) would convict plaintiff Mrs. Heinrich of contributory negligence and would (if an official and lawful verdict) entitle defendant to a judgment in its favor.

Defendant (appellee herein) filed a motion to set aside the order of the trial court granting the nonsuit and to render judgment for defendant on the (purported) verdict of the jury, which motion was granted by the trial court. (There was no testimony in the record to the effect that the 12 jurors ever affirmatively stated that the purported answers constituted their unanimous verdict as to the issues purportedly answered.) Plaintiffs' amended motion for new trial was overruled and they have appealed.

Appellants contend to the effect that this cause must be reversed and remanded because the trial court, having discharged the jury without receiving any official and lawful verdict as required by Rule 293, Texas Rules of Civil Procedure, was without authority under the facts in this case to render a judgment for defendant on the basis of the purported answers which the jurors had left behind them.

We quote from McDonald, Texas Civil Practice, Vol. 3, Sec. 15.02, pp. 1261, 1262, 1263, in part as follows:

"Return of Verdict Into Court.

"When the jurors agree:

" 'they shall be brought into court by the proper officer, and they shall deliver their verdict to the clerk; and if they state that they have agreed, the verdict shall be read aloud by the clerk. If in proper form, and no juror dissent therefrom, and neither party request a poll of the jury, the verdict shall be entered upon the minutes of the court.' (Rule 293, T.R.C.P.)  *  *  *

"B. *Presence of jury.* All jurors participating in the verdict must be present in court when it is returned. *Until the court accepts the verdict and orders it filed, any juror may withdraw his concurrence,* or informalities may be discovered which require further deliberations. Should the jurors, after agreeing upon their verdict, be allowed to separate temporarily because the judge is not immediately available to receive the verdict, they must all return to the courtroom to present their findings as a body.

"C. *Verdict read aloud.* When the jurors appear in court, they are asked by the judge whether they have reached a verdict. Upon receiving an affirmative reply, the judge usually asks that the verdict be delivered to him for a preliminary examination. If this inspection reveals that it is apparently in proper form, or in some courts without a preliminary inspection, the judge directs the clerk to read the verdict aloud. Traditionally, there could be no binding verdict until it was announced publicly in open court. But the clerk's reading of the verdict does not constitute an acceptance by the court. If there are informalities or conflicts, they may be corrected or the jury may be returned for further deliberation as the circumstances may require. If neither the preliminary inspection nor the reading of the verdict aloud discloses any reason why it should not be accepted, the court announces that the verdict will be received.

"*Polling the jury.* To confirm the jury's unanimity in returning the verdict, whether it be general or upon special issues, either party may, as a matter of right, have the jury polled before it is discharged.

" 'This is done by reading once to the jury collectively the general verdict, or the special issues and answers thereto consecutively, and then calling the name of each juror separately and asking him if it is his verdict. If any juror answer in the negative, the jury shall be retired for further deliberations.' " Rule 294, T.R.C.P. (Emphasis and interpolation added.)

In Laybourn v. Bray & Shifflet, Tex.Civ. App., 214 S.W. 630, 634, it is stated:

"The eighteenth and nineteenth assignments seek a reversal on the ground that the verdict was not signed by the foreman of the jury. It appears by the bills of exceptions and the trial court's qualification thereof that the court submitted the case on special issues; that after each issue the jury wrote its answer upon ths same sheet of paper upon which the court submitted the issue. *After the jury returned their verdict, the court had each issue read over to them, together with their answer thereto, and inquired as to whether that was their verdict, to which the jury responded in the affirmative.* There appears to have been no objection made at the time, but afterward the court had the foreman recalled and had him sign the same as foreman. It has been held repeatedly in this state since Dunlap v. Raywood [Rice Canal & Mining Co.], 43 Tex. Civ.App., 269, 95 S.W. 43, that the statute as to signing the verdict by the foreman of the jury is directory only, and, if properly received, will not require it to be set aside. [Quanah, A

& P.] Railway Co. v. [R. D.] Jones [Lumber Co., Tex.Civ.App.], 178 S.W. [859 at] p[age] 861; Crosby v. Stevens [Tex.Civ.App.], 184 S.W. [705] 711; Calvin v. Neel [Tex.Civ.App.], 191 S.W. 791, at pages 793, 794; Barker v. Ash [Tex.Civ.App.], 194 S.W. [465], 467; City of Henderson v. Fields [Tex.Civ.App.], 194 S.W. [1003], 1004. It is held in the above cases that the objection made after the verdict has been received and the jury discharged came too late.

*"All the members of the jury declared the verdict to be the one agreed to by them, and in such case the formality of signing is waived. Crosby v. Stevens, supra, and the authority there cited.* The mere fact that the trial court afterwards required the foreman to sign the verdict did not affect the verdict returned by the jury into court, *and at which time, in response to the court's interrogation, they affirmed it as their verdict."* (Emphasis added.)

In Houston Fire & Casualty Ins. Co. v. Gerhardt, Tex.Civ.App., 281 S.W.2d 176, 177 (opinion by Justice Norvell, now a member of the Texas Supreme Court) it is stated:

"* * * However, the controlling question in the present proceedings is whether or not a lawful verdict was returned which could serve as the basis for a judgment.

"Rules Nos. 290 to 295, inclusive, of the Texas Rules of Civil Procedure, relate to the verdict of the jury. Rule 290 defines a verdict as being 'a written declaration by a jury of its decision, comprehending the whole or all the issues submitted to the jury, and shall be either a general or special verdict, as directed, which shall be signed by the foreman of the jury.' Rule 293 relates to the return of the verdict into court when all the jurymen agree thereto. Rule 294 provides that, 'either party shall have the right to have the jury polled.' Rule 295 relates to an informal or defective verdict, while Rule 291 provides that, 'No special form of verdict is required, and the judgment shall not be arrested or reversed for mere want of form therein if there has been substantial compliance with the requirements of the law in rendering a verdict. No verdict shall be rendered in any cause *except upon the concurrence of all members of the jury trying the case.'*

"In the present case, certain inquiries made of the jury by the court were not answered and the foreman did not sign the instrument or form provided for the jury's use in returning a verdict, as required by Rule 290. This instrument, which we will for convenience refer to as the 'verdict form,' was returned into open court on March 10, 1955. *At that time it was not received as a verdict by the trial judge, nor was an opportunity afforded to poll the jury.* It was evidently considered that the findings were incomplete and that no verdict has been reached. *The jury was accordingly discharged.* Five days later relator filed a motion for judgment upon the verdict. A hearing was had upon this motion and evidence adduced as to the facts and circumstances surrounding the return of the verdict form into court, and on March 17th the trial judge overruled relator's motion for judgment upon the verdict. * * *

"The foreman of the jury did not sign the verdict form, as required by the Rules of Civil Procedure, so as to make it an official verdict. Rule 290, T.R.C.P. Such a failure constituted a non-compliance with the rules, which might be substantial or merely formal. We can not, from the face of the verdict form, classify this failure as a mere want of form. *Insofar as it may be ascertained from an inspection of*

*the instrument itself, the penciled answers contained therein may have been regarded as merely testative or as representing no more than a majority view. A verdict form reflecting answers to special issues but not signed by the foreman may or may not be a verdict, and presents a question which must be determined by the hearing of evidence.* The principal authority relied upon by relator, namely, Barker v. Weingarten Riverside Co., Tex.Civ. App., 232 S.W.2d 692, holds that if a trial judge, after hearing evidence, decides to accept the incomplete form not signed by the foreman as a verdict and renders a final judgment thereon, such action may be sustained upon appeal if properly supported by evidence. * * This is not a case wherein it appears without dispute that a lawful verdict has been returned and the only question involved is the sufficiency of the verdict upon its face to support a judgment." (Emphasis added.)

The case of Barker v. Weingarten Riverside Co., Tex.Civ.App., 232 S.W.2d 692, 693, wr. ref., n. r. e., referred to in Houston Fire & Casualty Ins. Co. v. Gerhardt, supra, is clearly distinguishable from the case at bar. There it was stated:

" * * * After reading this written statement to the attorneys present, *the court had the jury brought into the courtroom and thereupon inquired of the jury if they had agreed upon the answers made. The foreman and other members of the jury indicated to the court that they had agreed on the issues answered and could not agree on the remaining issues.* The court received the verdict from the foreman and at that time before counsel for either of the parties had examined the verdict the judge discharged the jury. * * *

" * * * *The evidence beyond a doubt shows that the members of the jury were in complete agreement as to the answers which they had made and so stated to the court in the courtroom.* * * *" (Emphasis added.)

In the case at bar the court called in the jury to discharge them because he was granting plaintiffs' motion for nonsuit. He did not purport to receive any verdict from the jury at that time and as hereinbefore outlined clearly did not follow the provisions of Rule 293, T.R.C.P., requisite for the return and acceptance of a jury verdict. Also there was no evidence in the record from the twelve jurors that they had assented to the purported answers. Counsel for appellants under the circumstances of this case also had no occasion to exercise the valuable right of polling the jury if an official verdict had been returned to the trial court and had been accepted by the trial court.

We hold that under the facts in this case no lawful official verdict of the jury was ever returned to and accepted by the trial court, nor was there ever any authentic or lawful verdict proven up or shown by the facts in this case. Since there was no lawful verdict returned in this case, such unproven purported verdict of the jury could not lawfully serve as the basis for a judgment in favor of defendant

In view of our holding that there was no lawful verdict upon which a judgment for defendant could have been based, it is unnecessary to discuss the contention of appellee that plaintiffs' motion for nonsuit was improvidently and erroneously granted by the trial court under the provisions of Rule 164, T.R.C.P.

The judgment of the trial court is reversed and the cause is remanded for a new trial.